# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTY OF BERKSHIRE, SEPTEMBER TERM 1862
## AT LENOX.

━━━━━━

#### PRESENT:

Hon. REUBEN A. CHAPMAN, Chief Justice.
Hon. EBENEZER R. HOAR,⎫
Hon. HORACE GRAY, Jr.,⎬ Justices.
Hon. DWIGHT FOSTER,⎪
Hon. JOHN WELLS,⎭

---

### Commonwealth *vs.* Albert Tryon & another.

A husband and wife may be jointly indicted on the Gen. Sts. c. 87, §§ 6, 7, and, upon suffi
cient proof, both convicted, of keeping a liquor nuisance.

Evidence that a wife, who lived with her husband in a building kept as an inn by him, and
used for the illegal keeping and sale of intoxicating liquors, made such illegal sales in
his absence, and in his absence declared that they did sell, is sufficient to warrant her con-
viction on a joint indictment with him for keeping a liquor nuisance.

Indictment of Albert Tryon and Florilla F. Tryon for keep-
ing and maintaining a building in Monterey, used for the illegal
keeping and illegal sale of intoxicating liquors, in violation of
the Gen. Sts. c. 87, §§ 6, 7, which provide that "all buildings,
places or tenements, resorted to for prostitution, lewdness or ille-
gal gaming, or used for the illegal keeping or sale of intoxicating
liquors, shall be deemed common nuisances," and that "whoever
keeps or maintains" such a common nuisance shall be punished
by fine or imprisonment.

The defendants filed a plea in abatement alleging that during the whole time charged they were husband and wife living together in the building, and therefore could not lawfully be joined in the indictment, which plea was overruled in the superior court, by *Reed, J.,* on demurrer.

" At the trial the Commonwealth offered evidence proving sales of intoxicating liquors upon the premises and within the time named in the indictment, by each of the defendants, and sometimes by the wife when the husband was absent from home. It was also proved that intoxicating liquor was then and there kept for illegal use and sale; that the defendants were husband and wife all the time laid in the indictment, and the husband was the owner of the premises, and kept them as a hotel, and was in and about the same most of the time, attending to and supervising his business; that he alone purchased and placed in the hotel all the liquors kept therein ; that Mrs. Tryon lived with him in the hotel as the home of them and their family, having no other place of residence; and that the keeping of the house was the business of the husband, who had full and entire control thereof. There was also evidence of declarations of the wife in which she said substantially that she had thoroughly weighed the subject of the sale of intoxicating liquor, and that they had concluded to sell so long as they kept the house; and that she also said, not in the presence of her husband, ' We do sell; and what are you going to do about it ?'" This was all the evidence in the case.

The judge refused a request of the defendants for a ruling that the evidence would not warrant their conviction; and instructed the jury to the contrary. A verdict of guilty was returned against both defendants; and they alleged excep tions.

*A. J. Waterman,* (*I. Sumner* with him,) for the defendants.

*C. Allen,* Attorney General, for the Commonwealth.

GRAY, J. The law is clear that a husband and wife may be jointly indicted, and, upon sufficient proof, both convicted. *Commonwealth* v. *Murphy,* 2 Gray 512, 513. Such convictions upon such indictments have been sustained for keeping a bawdy-

house or a common gaming-house. *Regina* v. *Williams*, 1 Salk. 384, and 10 Mod. 63. *The King* v. *Dixon*, 10 Mod. 335. The offence of keeping a common nuisance by maintaining a house used for the illegal sale and illegal keeping of intoxicating liquors has no peculiarity to distinguish it in this respect, for the wife may take an active part in its management. Indeed keeping a house resorted to for purposes of prostitution or illegal gaming might be punished under the very statute on which this indictment is founded, or such resorting might even under proper allegations be given in evidence in the same case as the mode of use charged in this indictment. *Commonwealth* v. *Davis*, 11 Gray, 48. *Commonwealth* v. *Taylor*, 14 Gray, 26. The guilt of the wife might be shown by evidence of her participation in the offence charged by acts done in the absence of her husband and not appearing to have been done by his coercion. *Commonwealth* v. *Murphy*, above cited. *Commonwealth* v. *Feeney*, 13 Allen, 560. The proof in this case of the wife's being in the house, and of her acts and declarations in the husband's absence, was sufficient to warrant the jury in convicting her; and it is not denied that he was properly convicted.

*Exceptions overruled.*