## STATE v. MAJOR LOWE.

(Filed 26 February, 1936.)

APPEAL from *Oglesby, J.,* and a jury, at November Term, 1935, of MADISON. No error.

The defendant was tried upon an indictment containing four counts: (1) Did unlawfully and willfully barter, sell, give away, furnish, deliver, exchange, and otherwise dispose of intoxicating liquors. (2) Did unlawfully and willfully transport, export, import, purchase, receive, possess, and have on hand intoxicating liquors. (3) Unlawfully and willfully did have and keep on hand intoxicating liquor for the purpose of being sold and otherwise disposed of in violation of law. (4) Did unlawfully and willfully solicit and receive, and knowingly permit his employees and agents to solicit and receive an order for liquor, and did give information of how liquor might be obtained in violation of the law. The defendant pleaded not guilty.

Harrison Treadway, a deputy sheriff, testified, in part: "I know Major Lowe. I found a half-gallon of whiskey five steps from the door of his house. It was in a gallon fruit jar. There were several empty jars around there that smelled like liquor. The defendant operates a filling station. The liquor was in the yard and you could not see any tracks. It was under a bushel bean basket in the yard. I went there about three o'clock in the afternoon and the defendant was at home. The other jars I found around the house had had liquor in them. There were also some 'bat-wing' bottles, about seven or eight or a dozen, there. There were also some jars, and I think a five-gallon can, all of which had the odor of whiskey in them. That was about five or six months ago, some time last spring. The whiskey I found was in a jar under a bean basket, five steps from the defendant's house. . . . The whiskey was near Marshall on the highway in the county of Madison."

The defendant did not go on the stand, but a witness for defendant, Betty Stewart, denied the material allegations of the State as to defendant's ownership of the liquor.

The State only asked for a verdict on one count, "possessing liquor for the purpose of sale." There was a verdict of guilty, and the court rendered judgment on the verdict. Defendant excepted, assigned error, and appealed to the Supreme Court.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*
*Ramsey & McLean for defendant.*

PER CURIAM. The witness, Betty Stewart, for defendant testified, in part: "I have seen Major Lowe take a drink when people came there and gave him one; that was in the filling station owned by him and in the yard, near the road. The last time I saw Major take a drink, I believe, was just before I went to jail in Asheville, about three months ago. I just saw him take a drink in a glass. I saw him pour the liquor into the glass in the yard of the filling station and in the filling station, too. The yard of the filling station is right on the edge of the road." The court in its charge fully and correctly laid down the law applicable to the facts. The record discloses:

"(The State further says and contends that you should be satisfied from the evidence offered by the defendant that the defendant on certain occasions was given drinks out on the highway near his home, and that he drank it. The court instructs you that if the defendant was on the highway and someone gave him liquor and he took it and took a drink, then he would be guilty of possession.)" To the foregoing charge of the court in parentheses the defendant excepted. "But the bill charges the defendant with possession for the purpose of sale, and whether the defendant was guilty of possession of the liquor for the purpose of sale is a matter for you to determine from all the evidence."

Taking the charge as a whole, the exception and assignment of error of the defendant cannot be sustained. It is well settled that the charge must be taken as a whole and not disconnectedly. The court below said: "But the bill charges the defendant with possession for the purpose of sale," etc. The court below confined the question of the guilt or innocence of defendant to the possession for the purpose of sale. The court below charged the jury fully the law as to possession and constructive possession. All the evidence showed that defendant had a filling station and he made this his home.

In *S. v. Hardy, ante,* 83, it was held (headnote): "The provision of N. C. Code, 3411 (j), that a person may legally possess intoxicating liquor in his dwelling for his personal consumption and the consumption of his family and *bona fide* guests is limited by the terms of the statute to a private dwelling occupied and used exclusively as a dwelling, and

a person may not lawfully possess intoxicating liquor in a building or structure used and operated by such person as a filling station and dwelling combined when the parts of the structure used for the respective purposes are connected."

The defendant, under the above holding, having his home as part of the filling station, would be guilty if he had the intoxicating liquor in his possession, irrespective as to having it for sale. The charge of the court below was more liberal for defendant than he was entitled to and did not impinge C. S., 564.

In the judgment there is

No error.