STATE v. MACK RIGSBEE AND MRS. M. M. RIGSBEE.

(Filed 6 January, 1937.)

**Intoxicating Liquor § 4c—**

> Where the husband, with full knowledge, permits his wife to possess intoxicating liquor on the premises for the purpose of sale, the husband is equally guilty with the wife.

APPEAL by defendant Mack Rigsbee from *Spears, J.,* at April Term, 1936, of GRANVILLE. No error.

The defendants were tried on an indictment in which they were charged with having intoxicating liquor in their possession for the purpose of sale.

The evidence for the State tended to show that on or about 19 December, 1935, the defendants, who are husband and wife, had in their home in Granville County, twelve one-half-gallon jars of whiskey; that these jars were concealed behind the chimney in the attic of their home; and that there was a number of empty jars in the attic and about the premises, all having the odor of whiskey about them.

The evidence for the defendants tended to show that the whiskey in the jars was purchased by the defendant Mrs. M. M. Rigsbee, for her own use, and that her husband, the defendant Mack Rigsbee, knew that she had the whiskey in their home.

Both defendants were convicted.

From judgment that he be confined in the county jail of Granville County for twelve months and be assigned to work on the public roads of the State, the defendant Mack Rigsbee appealed to the Supreme Court, assigning error in the instructions of the court to the jury.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*Hugh Scarlett for defendant.*

HANCOCK v. WILSON.

PER CURIAM. At the trial of this action, the court instructed the jury as follows:

"Now, gentlemen of the jury, the court instructs you as a matter of law, that if you find from the evidence, beyond a reasonable doubt, that Mrs. M. M. Rigsbee had in her possession on the premises occupied by her husband, Mack Rigsbee, intoxicating liquor for the purpose of sale, and that he knew that she had it there and permitted her to keep it there, then upon that finding it would be your duty to return a verdict that he is guilty of having intoxicating liquor in his possession for the purpose of sale."

The defendant Mack Rigsbee excepted to this instruction, and on his appeal assigns same as error.

There is no error in the instruction. See *S. v. Hardy,* 209 N. C., 83, 182 S. E., 831.