### STATE v. DOUG BRADY.

(Filed 8 October, 1952.)

**1. Intoxicating Liquor § 2—**

In counties not electing to operate county liquor stores, the Turlington Act applies as modified by the provisions of the Alcoholic Beverage Control Act applicable to such counties.

**2. Same—**

In a county not electing to operate county liquor stores, the provisions of G.S. 18-11 as modified by G.S. 18-49 and G.S. 18-58, renders the possession of more than one gallon of tax-paid liquor, even though in the home of a resident, *prima facie* evidence that such liquor is kept for the purpose of sale in a prosecution under a warrant or indictment charging that offense, but nevertheless such resident may lawfully have in his home while occupied by him as his dwelling only, an unlimited quantity of tax-paid liquor for the personal consumption of himself, his family and *bona fide* guests when entertained by him therein.

**3. Criminal Law § 53d—**

It is the duty of the trial judge to charge as to the law upon every substantial feature of the case embraced within the issue and arising on the evidence without any prayer for special instructions.

**4. Intoxicating Liquor § 9f—**

In a prosecution of a resident of a county which has not elected to operate county liquor stores on a charge of possession of intoxicating liquor for the purpose of sale, the court is under duty to instruct the jury upon evidence that three gallons of tax-paid liquor was found in defendant's home, that such possession by defendant in his dwelling for the personal consumption of himself, his family and his *bona fide* friends therein would be lawful, and error in failing to give such instruction is emphasized by a charge that a person has a right to have one gallon of tax-paid liquor in his home for the personal use of himself and his *bona fide* guests.

APPEAL by the defendant from *Stevens, J.,* and a jury, at July Term, 1952, of LEE.

Criminal prosecution tried *de novo* in the Superior Court on an appeal by the defendant from the judgment of the County Criminal Court of Lee County upon a warrant charging the defendant with having and keeping in possession for the purpose of sale intoxicating liquor upon which the taxes imposed by law had been paid.

The only evidence at the trial was that presented by the State. It tended to show that the defendant's dwelling was located near Sanford in Lee County; that it was occupied and used by him as his private dwelling only; that on 10 November, 1951, three deputy sheriffs of Lee County went to the defendant's dwelling with a search warrant and searched it for intoxicating liquor; and that they found within the dwelling twenty-four pints of intoxicating liquor upon which the taxes imposed by law had been paid.

The jury found the defendant "guilty of possession of whiskey for the purpose of sale," and the presiding judge sentenced him to imprisonment as a misdemeanant. The defendant excepted and appealed, making assignments of error sufficient to present the questions discussed in the opinion which follows this statement of facts.

*Attorney-General McMullan and Assistant Attorney-General Lake for the State.*

*D. E. McIver and McLean & Stacy for defendant, appellant.*

ERVIN, J. Lee County has not elected to operate county liquor stores under the Alcoholic Beverage Control Act of 1937. In consequence, this case is controlled by the Turlington Act of 1923 as modified by the provisions of the Alcoholic Beverage Control Act applicable to counties not engaged in operating county liquor stores. *S. v. Fuqua,* 234 N.C. 168, 66 S.E. 2d 667; *S. v. Welch,* 232 N.C. 77, 59 S.E. 2d 199.

These propositions are established law in counties which do not operate county liquor stores under the Alcoholic Beverage Control Act of 1937:

1. Under the relevant section of the Turlington Act, *i.e.,* G.S. 18-11, as modified by applicable provisions of the Alcoholic Beverage Control Act, *i.e.,* G.S. 18-49 and G.S. 18-58, the possession by the accused, even within his private dwelling, of more than one gallon of intoxicating liquor upon which the taxes imposed by law have been paid constitutes *prima facie* evidence that such liquor is kept for the purpose of being sold where the accused is charged with the commission of that offense by the indictment or warrant. *S. v. Barnhardt,* 230 N.C. 223, 52 S.E. 2d 904; *S. v. Wilson,* 227 N.C. 43, 40 S.E. 2d 449; *S. v. Watts,* 224 N.C. 771, 32 S.E. 2d 348; *S. v. Suddreth,* 223 N.C. 610, 27 S.E. 2d 623.

2. Under the relevant section of the Turlington Act, *i.e.,* G.S. 18-11, as modified by the applicable provisions of the Alcoholic Beverage Control Act, a person may lawfully .have or keep in his private dwelling while the same is occupied and used by him as his dwelling only an unlimited quantity of intoxicating liquor upon which the taxes imposed by law have been paid for use only for the personal consumption of himself, and of his family residing in such dwelling, and of his *bona fide* guests when entertained by him therein. *S. v. Barnhardt, supra; S. v. Hammond,* 188 N.C. 602, 125 S.E. 402.

Under G.S. 1-180, it is obligatory for the trial judge to charge the jury as to the law upon every substantial feature of the case embraced within the issue and arising on the evidence without any special prayer for instruction to that effect. *S. v. Ardrey,* 232 N.C. 721, 62 S.E. 2d 53.

The evidence at the trial indicated that on the occasion named in the warrant the defendant had in his possession in his private dwelling while the same was occupied and used by him as his dwelling only twenty-four pints, *i.e.,* three gallons, of intoxicating liquor upon which the taxes imposed by law had been paid. The jury could have drawn either one of these opposing inferences from the evidence: That the defendant had the liquor for the purpose of sale; or that the defendant possessed the liquor for his own personal consumption. The jury might well have drawn the latter inference and acquitted the defendant had it been given proper instructions respecting his legal right to possess an unlimited quantity of tax-paid liquor in his private dwelling for his own personal consumption. The trial judge gave the jury no instruction whatever on this substantial feature of the case beyond that embodied in the erroneous statement that "a person has a right to have one gallon of tax-paid liquor for his own use in his home for the use of his *bona fide* guests." Law and logic unite in the declaration that the express mention of one thing implies the exclusion of another.

For the reasons given, the defendant is awarded a

New trial.