STATE v. LEWIS SHINN.

(Filed 4 November, 1953.)

**1. Criminal Law § 29c: Intoxicating Liquor § 9c—**

In a prosecution for illegal possession of intoxicating liquor, based in part upon defendant's constructive possession of liquor hidden near his house, defendant is not entitled to cross-examine the State's witnesses for the purpose of showing that others who lived in the vicinity were known to deal in liquor, since evidence tending to cast a suspicion or conjecture that the crime may have been committed by another is incompetent.

**2. Intoxicating Liquor § 9f: Criminal Law § 81c (2)—**

An instruction limiting to one gallon the amount of tax-paid liquor a person may lawfully possess in his home in a "dry" county will not be held

for prejudicial error on defendant's appeal from conviction of illegal possession of intoxicating liquor in and near his home when the State's evidence tends to show that less than one gallon of tax-paid liquor was found in defendant's home, defendant not being convicted of possession for the purpose of sale.

**3. Intoxicating Liquor §§ 4a, 9f—**

The possession of any quantity of tax-paid liquor outside one's home is illegal unless it is being legally transported to one's home for the purpose of personal consumption or the consumption of the members of one's family or *bona fide* guests, and, therefore, upon evidence tending to show that defendant hid tax-paid liquor in the vicinity of his home, an instruction to the effect that defendant was entitled to possess not more than one gallon of such liquor, is favorable to defendant.

**4. Intoxicating Liquor § 4b—**

If defendant hides intoxicating liquor in the woods near his home, it is in his constructive possession at least, regardless of whether it is on his own property or that of another.

APPEAL by defendant from *Nettles, J.,* April Term, 1953, of CABARRUS.

Criminal action tried in the Cabarrus County Recorder's Court upon a warrant charging that the defendant did unlawfully possess, and possess for the purpose of sale, intoxicating liquors in violation of the Turlington Act (Cabarrus County not having elected to operate liquor stores under the Alcoholic Beverage Act of 1937). Upon conviction in the Recorder's Court, the defendant appealed to the Superior Court of Cabarrus County, where he was tried *de novo.*

The State offered C. J. Hammonds, a deputy sheriff of Cabarrus County, as a witness, who testified that he knew the defendant, and about 1:20 p.m., on 21 March, 1953, he saw him drive his car to the rear of his home and carry a package into his house; that immediately thereafter he came out of his house and took a paper bag out of his car and walked to the south of his driveway and went into the woods some twenty or thirty feet; that he bent down and put out four pints of tax-paid liquor in one place, and then moved two or three feet and put out two more pints, and left four pints in the bag which he wrapped up and stuck under a little bush, and then turned around and walked back to his house. That at the time he saw the defendant carry the ten pints of tax-paid liquor into the woods and leave it he was in a little broom sage about twenty feet west of Walter Street and approximately 100 yards from the defendant's house watching the defendant through field glasses; that the defendant was not out of his sight from the time he left his car until he returned to his home; that he called other officers by means of a walkie-talkie radio to come and make a search; that upon their arrival about 1:40 p.m., he directed the search and they found the ten pints of tax-paid liquor in the three places referred to above.

The State's evidence further shows that the ten pints of tax-paid whiskey described by the deputy sheriff were found about 150 feet from the defendant's house; that seven pints of nontax-paid liquor were found about 300 feet from his house and two half-gallon jars of white liquor were found in some honeysuckle vines near where the seven pints of nontax-paid liquor were found; that paths led in almost every direction in the area searched by the officers; that none of them could testify that any of the liquor, except 7½ pints of tax-paid liquor that were found in the defendant's house, was found on his premises.

A verdict of guilty of unlawful possession of intoxicating liquors was returned by the jury, and from the sentence imposed on the verdict the defendant appeals and assigns error.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and Charles G. Powell, Jr., Member of Staff, for the State.*

*B. W. Blackwelder, Ernest R. Alexander, R. Furman James, and Clyde L. Propst, Jr., for appellant.*

DENNY, J.   The defendant excepts to and assigns as error the refusal of the trial judge to permit him on cross-examination of the State's witnesses, to show that others who lived in the immediate vicinity of the defendant's home were known to deal in liquor.   It is argued that since the State did not prove that the liquor found outside of the defendant's home or any part thereof was on his premises, the excluded evidence "might well point with equal gravity to the defendant's innocence."

Evidence which can have no effect except to cast suspicion upon another or to raise a mere conjectural inference that the crime may have been committed by another (or as in this case that someone else may have been responsible for the presence of some of the liquor seized), is not admissible.   22 C.J.S., Criminal Law, section 622, at page 951; *S. v. Beverly,* 88 N.C. 632; *S. v. Gee,* 92 N.C. 756; *S. v. Smarr,* 121 N.C. 669, 28 S.E. 549; *S. v. Smith,* 211 N.C. 93, 189 S.E. 175; *S. v. Howie,* 213 N.C. 782, 197 S.E. 611.   These exceptions are without merit.

The defendant also excepts to the following portions of his Honor's charge to the jury: "Under the law you are permitted to have in your possession or in your home one gallon or eight pints of tax-paid liquor, and the Court charges you that if you find from the evidence in this case and beyond a reasonable doubt, the burden being upon the State to so satisfy you that the defendant had in excess of one gallon of liquor in his home or in his possession at any one time upon his premises, and if you so find, whether tax-paid or nontax-paid, it would be your duty to return a verdict of guilty of the unlawful possession of intoxicating liquor. . . .

"And so if you find from the evidence in this case and beyond a reasonable doubt, the burden being upon the State so to satisfy you that the defendant had in his possession at the time and place in question, . . . in excess of one gallon of tax-paid liquor, and you so find from the evidence beyond a reasonable doubt, that is in his possession and upon his premises, and you so find from the evidence and beyond a reasonable doubt, the burden being upon the State to so satisfy you, it would be your duty to return a verdict of guilty of unlawful possession of intoxicating liquor."

The above charge was clearly erroneous with respect to the amount of tax-paid liquor a person may lawfully have or keep in his private dwelling while the same is occupied and used by him exclusively as his dwelling, when such liquor is for his personal consumption, the consumption of the members of his family residing in such dwelling, or for his *bona fide* guests when entertained therein by him. *S. v. Brady,* 236 N.C. 295, 72 S.E. 2d 675; *S. v. Barnhardt,* 230 N.C. 223, 52 S.E. 2d 904; *S. v. Hammond,* 188 N.C. 602, 125 S.E. 402. Even so, the uncontradicted evidence introduced by the State in the trial below was to the effect that only 7½ pints of tax-paid liquor were found in the home of the defendant; and the trial judge charged the jury that a person is entitled to have in his home one gallon or eight pints of tax-paid liquor, provided he does not have it for the purpose of sale. Therefore, since the defendant was not convicted of having any liquor in his possession for the purpose of sale, we cannot see how he could have been prejudiced by the charge with respect to the 7½ pints of liquor found in his home.

The other aspect of the charge, to which the defendant complains, was, in fact, favorable to him. It was not necessary for the jury to find that the defendant had in excess of one gallon of tax-paid liquor in his possession or upon his premises, that is, outside of his house in order for him to be guilty of the unlawful possession thereof. The defendant was guilty of the unlawful possession of intoxicating liquor if he was in the actual or constructive possession of any of the tax-paid or nontax-paid liquor found outside of his home unless it was tax-paid liquor which was being legally transported to his home for the purposes heretofore pointed out. *S. v. Barnhardt, supra; S. v. McAllister,* 187 N.C. 400, 121 S.E. 739. Certainly by no stretch of the imagination can it be logically argued that placing the ten pints of tax-paid liquor in the woods, as described in the State's evidence, constituted an act of legal transportation. Furthermore, if the defendant placed the liquor in the woods near his home, as the State's evidence tends to show, it was in his possession at least constructively, whether he placed it on his own property or that of another.

It is clear that if the jury followed the instructions given, it could not have found the defendant guilty of the unlawful possession of intoxicating

liquors without finding that he was in possession of some of the liquor which was found outside of his home.

In our opinion the errors pointed out by the defendant were not prejudicial but harmless.

In the trial below we find no prejudicial error.

No error.