### STATE v. WILLIAM JACKSON RITCHIE.

(Filed 30 November, 1955.)

**1. Intoxicating Liquor § 2—**

In counties not electing to operate county liquor stores, the Turlington Act, as modified by the Alcoholic Beverage Control Act, is applicable.

**2. Same—**

In a county not electing to operate county liquor stores, the provisions of G.S. 18-11, as modified by G.S. 18-49 and G.S. 18-58, render the possession of more than one gallon of tax-paid liquor, even though in the home of a resident, *prima facie* evidence that such liquor is kept for the purpose of sale in a prosecution under a warrant or indictment charging that offense.

**3. Same—**

In a county not electing to operate county liquor stores, a person may lawfully have or keep in his private dwelling, while same is occupied and used by him as his dwelling only, an unlimited quantity of tax-paid liquor for the personal consumption of himself and his family residing in such dwelling, and of his *bona fide* guests when entertained by him therein.

**4. Intoxicating Liquor § 9a: Criminal Law § 56—**

A count in a warrant charging defendant, a resident of a county which had not elected to operate county liquor stores, with possession of intoxicating liquor, without allegation that the taxes imposed by law had not

been paid, charges no offense apart from the counts charging unlawful transportation and possession for the purpose of sale, and therefore judgment on such count will be arrested.

**5. Intoxicating Liquor § 9d—**

In this prosecution of a resident of a county which had not elected to operate county liquor stores, the evidence *is held* sufficient to sustain conviction of defendant of possession of tax-paid liquor for the purpose of sale.

**6. Criminal Law § 62f—**

A court may suspend execution of its judgment upon prescribed conditions only with defendant's consent, express or implied, and where defendant appeals immediately following entry of suspended judgment, the cause must be remanded for proper judgment.

APPEAL by defendant from *Armstrong, J.,* at April Term, 1955, of CABARRUS.

Criminal prosecution on a warrant issued out of Recorder's Court of Cabarrus County upon an affidavit charging that "at and in the said County of Cabarrus, on or about the 26th day of March, 1955, W. J. Ritchie, alias Jack Ritchie, did unlawfully, wilfully, and feloniously have on hand and possess intoxicating liquor, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State and the said.............. did unlawfully and wilfully have and keep in his possession certain intoxicating liquors for the purpose of sale, barter or exchange on said date, contrary to the form and statute in such case made and provided and against the peace and dignity of the State, and the said ............... did unlawfully and wilfully transport, export and import intoxicating liquors, on said date, contrary to the form of statute in such case made and provided and against the peace and dignity of the State."

The defendant was tried and convicted in said Recorder's Court on all three counts. He appealed to Superior Court where he pleaded "Not guilty."

Upon trial in Superior Court the State offered testimony of two police officers tending to show: That about 8:45 a.m. on Saturday, 26 March, 1955, they went to residence of defendant, armed with a search warrant; that defendant was seen to throw from his back steps a pint of whisky; that one of the officers picked it up, and went into the house, and asked defendant if he had any more whisky, and defendant stated that he had seven full pints in his trunk, and had drunk the contents of a pint that morning so he would not have more than eight pints. At the time, he had eight pints and some in the other bottle. Defendant was intoxicated. And defendant said to one of the officers that "it seems like" the officers "are picking" on him, that the officers "didn't search his wife—that she sells liquor too."

The jury returned a verdict of guilty as charged in the first two counts of the warrant,—motion for nonsuit as to third count being allowed.

The judgment of the court is: On first count, that defendant be confined in common jail of Cabarrus County for a period of six months and be assigned to do labor on the public highways of the State as provided by law.

On second count, that defendant be confined in the common jail of Cabarrus County for a period of eighteen months and be assigned to do labor on the public highways of the State as provided by law, this sentence to commence after the expiration of the sentence on the first count.

And the record shows that "By consent of the defendant, in open court, this prison sentence is suspended for a period of five years" on conditions stated. Then as part of the appeal entries it is declared: "Judgment pronounced as appears in the record."

"To pronouncement of said judgment defendant excepts in open court and gives notice of appeal," and appeals "to Supreme Court" and assigns error.

*Attorney-General Rodman and Assistant Attorney-General Love for the State.*

*Robert L. Warren for defendant, appellant.*

WINBORNE, J. What is said by this Court in *S. v. Brady,* 236 N.C. 295, 72 S.E. 2d 675, is pertinent to case in hand. Paraphrasing the factual situation there stated, it may be said here: Cabarrus County has not elected to operate county liquor stores under the Alcoholic Beverage Control Act of 1937. In consequence, this case is controlled by the Turlington Act of 1923, as modified by the provisions of the Alcoholic Beverage Control Act applicable to counties not engaged in operating county liquor stores, citing cases.

Upon similar premises in the *Brady case* this Court had this to say: "These propositions are established law in counties which do not operate county liquor stores under the Alcoholic Beverage Control Act of 1937:

"1. Under the relevant section of the Turlington Act, *i.e.,* G.S. 18-11, as modified by applicable provisions of the Alcoholic Beverage Control Act, *i.e.,* G.S. 18-49 and G.S. 18-58, the possession by the accused, even within his private dwelling, of more than one gallon of intoxicating liquor upon which the taxes imposed by law have been paid constituted *prima facie* evidence that such liquor is kept for the purpose of being sold where the accused is charged with the commission of that offense by the indictment or warrant (citing cases).

"2. Under the relevant section of the Turlington Act, *i.e.*, G.S. 18-11, as modified by the applicable provisions of the Alcoholic Beverage Control Act, a person may lawfully have or keep in his private dwelling, while the same is occupied and used by him as his dwelling only, an unlimited quantity of intoxicating liquor upon which the taxes imposed by law have been paid for use only for the personal consumption of himself and of his family residing in such dwelling, and of his *bona fide* guests when entertained by him therein" (citing cases).

Bearing in mind these principles, it is noted that in the instant case the trial court has considered and treated the warrant as containing three separate counts, and the record discloses that all of the evidence adduced by the State upon the trial in Superior Court relates to the same intoxicating liquor, on which the taxes have been paid, which defendant possessed in his residence. It is charged that the defendant possessed the liquor unlawfully, that he possessed it for the purpose of sale, and that he transported it unlawfully. But the trial judge allowed the motion of defendant for judgment as of nonsuit as to the third count charging unlawful transportation of intoxicating liquor. It follows that defendant was not guilty of having obtained the liquor unlawfully. Therefore, as in the *Brady case*, the jury could have drawn only one of these opposing inferences from the evidence: That defendant possessed the liquor for the personal consumption of himself and family and guests, as defined in the statute, or that he had it for the purpose of sale. And in the light of these inferences, the first count in the warrant, without the aid of the second constitutes no criminal offense. In other words, it appears that defendant is properly charged only with the offense of unlawful possession of tax-paid liquor for the purpose of sale. This is the offense charged in the second count. And this Court is of opinion and holds in respect to the second count the evidence is sufficient to take the case to the jury and to support the verdict of guilty.

Therefore, for the error appearing upon the face of the record, the verdict of guilty under the first count must be, and it is set aside and the judgment rendered thereon is arrested and stricken.

As to the judgment on the second count: A court may suspend the execution of its judgment upon prescribed conditions only with defendant's consent, express or implied. While here it is recited in the judgment that "By consent of the defendant in open court . . ." the judgment is suspended on conditions stated, the record shows clearly that there was neither express nor implied consent for the appeal entries recite that "To the pronouncement of said judgment defendant excepts in open court and gives notice of appeal to the Supreme Court. Further notice waived. The defendant is allowed statutory time within which to make up and serve case on appeal . . ."

Patently appeal was taken immediately following entry of judgment. Therefore the judgment on the verdict upon the second count is stricken out and the cause remanded for proper judgment. *S. v. Cole*, 241 N.C. 576, 86 S.E. 2d 203, and cases cited. See also *S. v. Eason*, 242 N.C. 59, 86 S.E. 2d 774; *S. v. Harvey*, 242 N.C. 111, 86 S.E. 2d 793, and *S. v. Ingram, post*, 190.

For reason stated: On first count—Judgment is arrested;

On second count—Judgment is stricken and cause remanded for proper judgment.