### STATE v. CHARLES MILLER.

(Filed 18 September, 1957.)

**1. Criminal Law § 79: Searches and Seizures § 1—**

Where it appears that defendant not only consented to but invited a search of his car without a warrant, he may not complain of the introduction in evidence of nontaxpaid whisky found therein, and his motion to suppress the evidence and motion for nonsuit on the ground that all the evidence was obtained in the course of the illegal search, are properly denied.

STATE *v.* MILLER.

**2. Intoxicating Liquor § 9d—**

Evidence that in excess of one gallon of nontaxpaid whisky was found in defendant's automobile is sufficient to be submitted to the jury in a prosecution for possession of whisky upon which the requisite taxes had not been paid and possession of whisky for the purpose of sale, the absence of tax stamps being *prima facie* evidence that the whisky was nontaxpaid and the possession of more than one gallon being *prima facie* evidence of possession for the purpose of sale.   G.S. 18-32.

**3. Criminal Law § 135—**

Where active sentence is imposed on one count and suspended sentences are imposed on the other two counts in the indictment, and the defendant gives notice of appeal immediately after entry of judgment, in the absence of error in the trial the cause must be remanded for proper sentence on the counts upon which sentences were suspended, since suspended sentences cannot stand in the absence of defendant's consent thereto.

APPEAL by defendant from *Clarkson, J.,* and a jury, at May Term, 1957, of RUTHERFORD.

Criminal prosecution tried on appeal from the County Recorder's Court upon a warrant charging the defendant with (1) possession of nontaxpaid whisky, (2) possession of nontaxpaid whisky for the purpose of sale, and (3) transportation of nontaxpaid whisky.

The defendant moved to suppress the State's evidence on the ground that it was obtained in the course of an illegal search of the defendant's automobile without a search warrant.   Motion overruled.   Defendant excepted.

When the State rested the defendant offered no evidence but moved for judgment as of nonsuit.   Motion overruled.   Defendant excepted.

The jury returned a verdict of guilty as charged.   The judgment pronounced imposed (1) an active prison sentence on the first count, charging possession of nontaxpaid whisky, and (2) a prison sentence suspended upon specified conditions on the other two counts charging possession of nontaxpaid whisky for the purpose of sale and transportation of nontaxpaid whisky, the suspended sentence to begin at the expiration of the active sentence.   From the judgment so pronounced, the defendant appeals.

*Attorney-General Patton and Assistant Attorney-General McGalliard for the State.*

*Hamrick & Hamrick for defendant, appellant.*

JOHNSON, J.   The defendant's assignments of error challenge the correctness of the rulings of the trial court in (1) refusing to suppress the State's evidence and (2) overruling the motion for judgment as of nonsuit.   Since the motion for nonsuit was based on the contention that

all the evidence was obtained in the course of an illegal search and therefore incompetent, the pivotal question presented by the appeal is whether the defendant's automobile was illegally searched.

The pertinent evidence may be summarized as follows: Highway Patrolman J. G. Wilson said he met the automobile driven by the defendant, recognized him, and knew he did not have a driver's license; that he stopped the defendant "and asked him if he had ever got a driver's license"; that the defendant said he had not; that he then told the defendant he "would have to take him in." Wilson testified further that he asked the defendant if he had "anything in the car"; that the defendant answered: "Go ahead and look; and I said, 'No, I will get a search warrant,' and I got them out of the car and put them in my car and was going to call somebody to come and drive the car in, and I told Charles (the defendant) I was going to bring him in and get a search warrant and he offered me the key(s) again to the car and I didn't take it, and after he got in my car, he said, 'Give me the key and I will open it,' and he opened the trunk and I saw two cases of whiskey in it, and after we brought the car in, there was a third case; it was in an old sack and I didn't notice it when he opened the trunk up. He was in my car, and he said, 'Give me the key and I will open it up.'" Further testimony of Patrolman Wilson disclosed that each of the three cases of whisky contained six gallons; that it was nontaxpaid whisky, with no stamps on any of the containers. The whisky was offered in evidence.

Sheriff Wilkins testified that in response to a call he went to the place where Patrolman Wilson had stopped the defendant's car; that he looked in the back of the car and saw the three cases, one with a sack over it.

It is manifest that the defendant consented to the search. In fact, it appears that he expressly invited the search. Under these circumstances, he cannot be heard to complain that his constitutional or statutory rights were violated. The case is controlled by the principles explained and applied in *S. v. McPeak*, 243 N.C. 243, 90 S.E. 2d 501; *certiorari* denied, 351 U.S. 919, 100 L. Ed. 1451, 76 S. Ct. 712.

The testimony of the officers was competent. The motion to suppress was properly overruled. There was ample evidence to carry the case to the jury over the defendant's motion for nonsuit. The evidence of absence of tax stamps was *prima facie* evidence that the whisky was nontaxpaid, and the possession of more than one gallon constituted *prima facie* evidence of possession for sale. G.S. 18-32. The trial and verdict will be upheld.

However, where, as here, the defendant appeals immediately from a judgment imposing an active prison sentence on one count and a suspended sentence on two other counts, and there is no error in the trial of any count, the cause must be remanded for proper judgment on the

two counts to which the suspended sentence relates. This is so for the reason that the suspended sentence cannot stand in the absence of defendant's consent thereto. *S. v. Ritchie,* 243 N.C. 182, 90 S.E. 2d 301; *S. v. Ingram,* 243 N.C. 190, 90 S.E. 2d 304. *Cf. S. v. Lakey,* 191 N.C. 571, 132 S.E. 570; *S. v. Canady, post,* 613. Here it appears that the defendant gave notice of appeal immediately after the entry of judgment, thus indicating he did not consent to the suspended sentence entered below.

Therefore the portion of the judgment imposing the suspended sentence will be stricken out and the cause remanded for a proper judgment on the last two counts. The active prison sentence imposed on the first count will remain in full force and effect.

Remanded.