Lawrence C. "Dick" DOYLE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12535.

Criminal Court of Appeals of Oklahoma.

Jan. 8, 1958.

Rehearing Denied Jan. 29, 1958.

Elmore A. Page, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in error, Lawrence C. "Dick" Doyle, defendant below, was charged by information in the District Court of Tulsa County, Oklahoma, with the crime of unlawful possession of intoxicating liquor, 37 O.S.1951 § 31, second and subsequent offense, 37 O.S.1951 § 12. A jury was waived and the case tried to the court. The defendant was found guilty as charged and judgment and sentence was entered fixing his punishment at confinement in the state penitentiary for one year and a fine of $500, from which this appeal has been perfected.

This appeal was orally argued but no written brief was filed, and the matter was submitted on the record and argument. The facts are that the defendant's wife,

Julia Catherine Doyle, had purchased and possessed a Federal retail liquor dealer's license for the retail sale of liquors at an address one-half mile south of Tulsa on old Highway 64, toward Bixby, Tulsa County, Oklahoma. Officers Bliss and Pruitt, being cognizant of this fact, on proper complaint caused a search warrant to be issued, describing the premises the said J. C. Doyle was carrying on the said liquor dealer operation, her home, describing it as a place of public resort where liquors are stored and sold. The adequacy or correctness of said description is not attacked. Moreover, it is not denied it was the same place as that described in the retail liquor dealer's license issued to J. C. Doyle. The allegations of the affidavit are positive.

It developed that the premises were actually the joint home of the defendant herein and his wife, Julia Catherine Doyle. A search of the premises resulted in the seizure of 19 fifths, 42 pints, and 29 one-half pints of assorted liquors. The search and seizure being completed, the wife, Julia Catherine Dolye, as shown by the record, said: "Well who are you going to take? It belongs to both of us." Both of the Doyles were arrested and separately charged with unlawful possession.

▆▆▆ The question presented to us is on the contention of an unlawful search and seizure as to Lawrence C. "Dick" Doyle. Could he be held on a search of his premises where the warrant ran in the name of J. C. Doyle? It has been held the name of the occupant or owner need not be stated if the place to be searched is otherwise particularly described. Gransbury v. State, 64 Okl.Cr. 423, 82 P.2d 240. The fact that "Dick" Doyle was not named is of no consequence. The fact is, a J. C. Doyle, the defendant's wife, was an occupant of the correctly described premises and the search was valid. That was sufficient. The defendant being the husband of J. C. Doyle and jointly occupying the premises as her husband, and the uncontroverted record showing it was a

joint operation, or at least one in which he acquiesced, and to which he made no protest or objection, he is liable on the prosecution against him. Neither the defendant nor his wife offered evidence refuting the state's evidence the whiskey belonged to both of them.

In State v. Hardy, 209 N.C. 83, 182 S.E. 831, it was held:

"Husband is recognized as head of family, and, where intoxicating liquors are kept in house occupied by him and his family, he is guilty of aiding and abetting in commission of misdemeanor if he knowingly allows liquors to remain there, irrespective of who owns them or put them there."

State v. Rigsbee, 211 N.C. 128, 189 S.E. 181; 48 C.J.S. Intoxicating Liquors § 277, p. 392, note 91–92. When it appears both the husband and wife are jointly interested in liquor operations, they may both be convicted therefor. 33 C.J. 608, § 237, n. 75; 48 C.J.S. Intoxicating Liquors § 277, p. 393, note 4–5; Commonwealth v. Tryon, 99 Mass. 442. Furthermore, liquors found on premises of the husband, and in the joint possession of the husband and wife, are rebuttably presumed to be in the possession of the husband. 48 C.J.S. Intoxicating Liquors § 366, p. 540, note 90; Quick v. State, 191 Miss. 179, 2 So.2d 812; Garland v. State, 165 Miss. 136, 146 So. 637; Wylie v. State, 151 Miss. 897, 119 So. 825. No evidence was offered by the defendant to rebut the presumption. Under the circumstances herewith presented, the trial court did not err in overruling the motion to suppress the evidence, nor in finding the defendant guilty on the merits, he having stipulated a former conviction, since it appears he was the head of the house and also that the unlawful possession was a joint operation between he and Julia Catherine Doyle, his wife.

The judgment and sentence is accordingly affirmed.

POWELL and NIX, JJ., concur.