### STATE v. LEONARD WELBORN.

(Filed 10 December, 1958.)

1. **Intoxicating Liquor § 5—**
   The evidence disclosed that defendant was in possession of five pints of taxpaid whisky in a building used by him as a combination store and dwelling, and that the whisky was found in the room used as a bedroom, with the seal of one of the bottles broken, but it was stipulated by defendant's counsel that defendant had the whisky in his store. *Held:* The evidence is sufficient to support the charge of unlawful possession, and defendant's motion to nonsuit was properly denied. G.S. 18-11.

2. **Constitutional Law § 10—**
   The enactment of law is the function of the General Assembly, and the courts must construe a statute as written.

PARKER, J., not sitting.

HIGGINS, J., concurring.

APPEAL by defendant from *Sharp, S. J.*, April 14, 1958 Criminal Term of GUILFORD.

Defendant was indicted and tried in the Municipal-County Court

of Guilford on a warrant charging (1) unlawful possession of four and one-half pints of taxpaid whisky, and (2) possession of the whisky for sale. He was there found guilty on each count, and from a judgment imposing a prison sentence he appealed to the Superior Court. The jury in the Superior Court returned a verdict of guilty of illegal possession of taxpaid whisky and not guilty on the count charging possession for the purpose of sale.

The facts with respect to the possession are not in controversy. Guilford County has not elected to come under the provisions of Article 3, c. 18, of the General Statutes. Liquor control stores have been established in Greensboro pursuant to provisions of c. 394, S.L. 1951. Defendant occupies a building called Oak Tree Grocery. The building, on Church Street Extension, is about one-quarter of a mile beyond the corporate limits of Greensboro. The building, formerly a filling station, is about twenty by thirty feet. The front portion is used by defendant as a store. There are two rooms in the rear which open into the store; one used as a storeroom, the other as defendant's bedroom. On the date named in the warrant defendant purchased five pints of whisky from a control store in Greensboro. He carried the whisky to the Oak Tree Grocery and put all five pints on a table in the room used by him as a bedroom. He broke the seal on one of the bottles and took a drink. Officers armed with a search warrant went to the store and on entering saw the whisky as described.

The court imposed a prison sentence on the jury's verdict of guilty, and defendant appealed.

*Attorney General Seawell and Assistant Attorney General Love, for the State.*

*J. Owen Lindley and Stedman Hines for defendant, appellant.*

RODMAN, J. Counsel for defendant, presumably in deference to the decisions, *S. v. Hardy*, 209 N.C. 83, 182 S.E. 831, *S. v. Lowe*, 209 N.C. 846, 183 S.E. 749, and *S. v. Carpenter*, 215 N.C. 635, 3 S.E. 2d 34, which construe the statute (G.S. 18-11) defining a dwelling where whisky may be lawfully possessed, said: "Your Honor, we will stipulate that is the whiskey he had in his store."

Defendant, by motion to nonsuit and exceptions to the charge, presents this question: Was possession of taxpaid whisky in his store when not possessed for sale illegal? Unless we overrule a consistent line of decisions, the answer must be in the affirmative. *S. v. Shinn*, 238 N.C. 535, 78 S.E. 2d 388; *S. v. Fuqua*, 234 N.C. 168, 66 S.E. 2d 467; *S. v. Barnhardt*, 230 N.C. 223, 52 S.E. 2d 904; *S. v. Carpenter, supra; S. v. Hardy, supra; S. v. Lowe, supra; S. v. Briscoe*, 194 N.C. 582, 140 S.E. 212; *S. v. Pierce*, 192 N.C. 766, 136 S.E. 121; *S. v. Knight*, 188 N. C. 630, 125 S.E. 406; *S. v. McAllister*, 187 N.C. 400, 121 S.E. 739.

The cases relied on by defendant, *S. v. Ritchie,* 243 N.C. 182, 90 S.E. 2d 301; *S. v. Hill,* 236 N.C. 704, 73 S.E. 2d 894; *S. v. Brady,* 236 N.C. 295, 72 S.E. 2d 675; *S. v. Suddreth,* 223 N.C. 610, 27 S.E. 2d 623, determine the legality of possession in one's residence. They hold that such possession is not *per se* illegal. They do not declare that storage in a place other than a residence is legal.

Defendant committed no crime when he purchased taxpaid whisky from an authorized source and transported it to its destination. G.S. 18-49 and 50. The crime was committed after the transportation was completed and when the whisky found its place of abode in a building declared by statute improper for that purpose. G.S. 18-11. Possession is illegal, G.S. 18-2, if not at an authorized place. The Legislature has the right, if it deems wise, to enlarge the class of places where legally acquired and transported whisky may be kept. We possess no such power.

No error.

PARKER, J., not sitting.

HIGGINS, J., concurring.   The evidence disclosed the defendant occupied a building of three rooms. The front room contained a small stock of groceries consisting of canned goods, soft drinks, cigars and cigarettes. The middle room "is where he kept a lot of empty bottles he has thrown away, and in the other room he has a bed and table. We went in the back room . . . where the bed was, . . . on the table . . . there was four pints of taxpaid liquor with the seal unbroken and one pint with the seal broken with about one-half of it gone." The defendant offered evidence that he lived in the back room.

In my opinion the evidence offered was insufficient to go to the jury on the charge of unlawful possession upon the ground the possession was in the defendant's private dwelling. However, the defendant's stipulation, entered as a judicial admission before the court, placed the whisky in the defendant's *store.* The stipulation overrode the evidence and was sufficient to support the conviction.

Some of our cases seem to hold that if a building is occupied in part as a private dwelling, and is used in part for business purposes, that part occupied as a dwelling loses its private character. My view is that if that part of the building used as a private dwelling is entirely cut off and separated by a wall, even though the wall contains a door, its character as a private dwelling is not destroyed. If entirely separated in a manner sufficient to provide privacy where no business is done, the separation may be by wall, by a floor, by two walls, or by two lots. Many people set aside a room in the home for business purposes. That part not so used is still the private dwelling.

The separation for the different purposes and not the size of the building is the test.

Under the law as it is presently written, one has the right to purchase not in excess of one gallon of liquor from an ABC store, provided the taxes due to the United States and to the State of North Carolina have been paid. The purchaser has the right to transport the purchase from the store to his private dwelling, which he occupies as such, and to keep it for the use of himself, his family and his *bona fide* guests. I concur in the result because of the stipulation.