STATE v. MINNIE REID BELL.

(Filed 28 April, 1965.)

**1. Intoxicating Liquor § 1—**

In a county which has not elected to come under the Alcoholic Beverage Control Act, the Turlington Act as modified by the provisions of the Alcoholic Beverage Control Act is applicable.

**2. Same—**

The Alcoholic Beverage Control Act permits a person, even in a county which has not elected to come under the Act, to possess in his home any quantity of taxpaid whiskey solely for the personal consumption of himself, his family and *bona fide* guests, and therefore an instruction in a prosecution in such county that it is unlawful to transport or *to possess* more than one gallon of taxpaid whiskey, must be held for prejudicial error.

APPEAL by defendant from *Shaw, J.,* October 1964 Session of CABARRUS.

Criminal prosecution on a warrant charging defendant on 10 January 1964 with the unlawful and wilful possession of intoxicating liquor for the purpose of sale, G.S. 18-50, heard *de novo* in the superior court upon appeal by defendant from an adverse judgment in the recorder's court of Cabarrus County.

Plea: Not guilty. Verdict: Guilty as charged.

From a judgment of imprisonment, defendant appeals.

*Attorney General T. W. Bruton and Deputy Attorney General Harry W. McGalliard for the State.*

*J. D. Hurst and Kenneth Cruse for defendant appellant.*

PER CURIAM. The State's evidence shows these facts: On 10 January 1964 William F. Martin, Little, and Pageant, police officers of the town of Kannapolis, armed with a search warrant, went to the home of defendant on Fort Worth Street in the town of Kannapolis. Upon their arrival defendant was in her home, and they read the search warrant to her. They searched her house and found in a long closet between two bedrooms 12½ pints of whisky of several different brands and 15 tall cans of beer in her refrigerator. In the kitchen with her were two men, and on a table in the kitchen were a one-half pint bottle of whisky, some drink bottles, and two shot glasses. Officer Martin testified: "By shot glasses I mean little ones, measuring glasses."

Defendant offered one witness, Clara Mae Parks, who testified to the effect that she gave defendant twenty dollars to buy six pints of whisky for her, the witness, who was giving a party that Saturday night.

There is no evidence in the record as to whether the whisky found by the officers in defendant's home was taxpaid whisky or non-taxpaid

whisky. The record shows the whisky was introduced in evidence. The judge in his charge referred to it as taxpaid whisky.

Defendant has no exception to the evidence. All her exceptions, except a formal one, are to the charge of the court.

Possession by a person in his home of intoxicating liquor for the purpose of sale is a criminal offense in North Carolina. G.S. 18-50; *S. v. Simmons*, 256 N.C. 688, 124 S.E. 2d 887.

Cabarrus County has not elected to operate county liquor stores under our Alcoholic Beverage Control Act. In consequence, this case is controlled by the Turlington Act of 1923 as modified by the provisions of our Alcoholic Beverage Control Act applicable to counties not engaged in operating county liquor stores. *S. v. Brady*, 236 N.C. 295, 72 S.E. 2d 675.

In his charge, when read contextually, it is plain that the court instructed the jury that to convict it must find beyond a reasonable doubt from the evidence that the whisky was possessed by defendant for the purpose of sale, and further charged that possession of more than one gallon of whisky upon which the taxes imposed by law have been paid constituted *prima facie* evidence of possession for the purpose of sale. *S. v. Brady, supra.*

G. S. 18-49 permits, with certain provisoes, the transportation by a person of taxpaid whisky not in excess of one gallon from a county in North Carolina which has elected to operate under our Alcoholic Beverage Control Act to another county not coming under its provisions for the use of himself, his family, and his *bona fide* guests. *S. v. Holbrook*, 228 N.C. 582, 46 S.E. 2d 842.

In *S. v. Brady, supra,* the Court said:

"Under the relevant section of the Turlington Act, *i.e.*, G.S. 18-11, as modified by the applicable provisions of the Alcoholic Beverage Control Act, a person may lawfully have or keep in his private dwelling while the same is occupied and used by him as his dwelling only an unlimited quantity of intoxicating liquor upon which the taxes imposed by law have been paid for use only for the personal consumption of himself, and of his family residing in such dwelling, and of his *bona fide* guests when entertained by him therein."

The court instructed the jury to the effect that it was unlawful for a citizen in a dry county like Cabarrus to transport or to possess more than one gallon of taxpaid whisky from a county in North Carolina coming under the provisions of our Alcoholic Beverage Control Act to or through another county in North Carolina not coming under the provisions of this Act. Defendant assigns this as error. This assignment of error is good because, as the Attorney General correctly states in his

brief, "it is conceded that in explaining that it was unlawful to transport more than one gallon of liquor, the court inadvertently also used the words 'or possess' which might have led the jury to conclude that the defendant was flatly guilty if she possessed more than a gallon of liquor."

The Attorney General further concedes error as follows: "It is also true that the judge's summary of the State's contention as to the evidence of the male guests and the liquor glasses may have been so phrased that the jury mistakenly understood the judge to express that as his own opinion." A reading of the charge shows the correctness of this concession by the Attorney General.

For error in the charge, defendant is entitled to a

New trial.