## STATE v. RALPH SILVERS.

(Filed 20 April, 1949.)

**1. Criminal Law § 76c—**

>    *Certiorari* will lie to the Supreme Court to determine the legality of defendant's imprisonment upon his contention that his sentence is in excess of that authorized by law for the offense of which he stands convicted.

**2. Assault § 8d—**

Assault with a deadly weapon with intent to kill is a misdemeanor.

**3. Criminal Law § 60b—**

A sentence directing that defendant be confined in the State's Prison for a term of ten years at hard labor is in excess of that permitted upon conviction of a misdemeanor, and in this case *certiorari* is granted and the cause remanded to the Superior Court for further proceedings in con- formity with law.

THIS cause was heard before *Moore, J.,* at the August Term, 1948, of YANCEY.

Petition for a writ of *certiorari* filed in the Supreme Court and granted 1 March, 1949.

At the August Term, 1948, of the Superior Court of Yancey County, there were four criminal cases pending against the petitioner arising out of a single occurrence, and in each case the Bill of Indictment charged an assault with a deadly weapon with intent to kill, inflicting serious injury not resulting in death.

The defendant says in his petition for writ of *certiorari* that at the time he was called upon to plead to these indictments, he was in the custody of the Sheriff of Yancey County, having been arrested imme- diately prior thereto and held in jail; that he was not financially able to employ counsel and was not represented by counsel in the court below.

It is alleged in the petition that when the cases were called for trial they were consolidated, and the record shows the defendant entered the following plea: "Guilty of assault with intent to kill"; that the court thereupon consolidated the four cases for the purpose of judgment, and imposed a sentence directing that the "defendant be confined in Central Prison at Raleigh for a term of 10 years to do hard labor." It further appears the defendant was taken to Central Prison in Raleigh the day following the pronouncement of the judgment, and was thereafter trans- ferred to Prison Camp No. 908 in McDowell County, where he is now imprisoned.

The defendant further alleges that he has been advised that the sentence imposed is in excess of that authorized by law, in that he did not plead guilty to a felony but only to a misdemeanor.

Wherefore he prays that the writ of *certiorari* be granted to the end that the legality of his imprisonment may be determined.

The Attorney-General concedes error.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*W. E. Anglin for defendant.*

DENNY, J.   We held in *S. v. Gregory,* 223 N.C. 415, 27 S.E. 2d 140, that an assault with intent to kill is a.misdemeanor.   Therefore, upon the authority of that decision, and *S. v. Green,* 85 N.C. 600, and *S. v. Lawrence,* 81 N.C. 522, the judgment entered below is reversed and the cause is remanded to the Superior Court of Yancey County for proper judgment on the plea entered.

·The prison· authorities are directed to deliver the defendant into the custody of the Sheriff of Yancey County, to the end that the defendant may be given an opportunity to post bond pending the entry of a proper judgment on· his plea.

Let this opinion be certified immediately to the Superior Court of Yancey County, in order that further proceedings may be had in accordance therewith and in conformity with the law in such cases.

·· Error and remanded.