STATE v. JOHN L. WILLIAMS.

(Filed 11 June, 1952.)

**1. Homicide § 6a—**

In order to constitute murder in the second degree it is necessary not only that defendant inflict the wound which produces death but it is also required that he inflict such wound intentionally.

**2. Homicide § 27d—**

An instruction that the jury must find that defendant intentionally killed deceased before it could return a verdict of guilty of murder in the second degree, together with a statement of defendant's contentions, based on his evidence, that he did not intentionally kill deceased but that in the scuffle between the parties defendant's pistol went off, and that defendant had no intention or desire to shoot and kill deceased, *is held* sufficient, in the absence of request for special instructions, to present defendant's defense to the charge of murder in the second degree.

APPEAL by defendant from *Nettles, J.,* October Term, 1951, GUILFORD (High Point Division). No error.

Criminal prosecution under a bill of indictment charging that defendant did kill and murder one Jasper Sturdivant.

On 7 October, 1951, defendant and one Martha Hunt lived in a duplex or apartment house. She lived on one side and he on the other. Between 8 and 9 o'clock that night deceased went to the home of Martha Hunt to get her to attend his sick wife. As he left, he saw defendant standing on his porch and asked him what he was doing "signifying." In reply, defendant cursed deceased, walked out on the sidewalk four or five feet from the porch and struck deceased with a pistol. The evidence for the State tends to show that he knocked deceased down and then shot him while he was prone on the sidewalk. Defendant offered evidence tending to show that deceased accused him of eaves-dropping and cursed him; that then defendant drew his pistol and struck deceased, but did not knock him down; that deceased then grabbed the pistol and tried to take it away from the defendant, and that in the scuffle over the pistol, it accidentally fired and killed deceased.

The solicitor elected to put defendant on trial on the charge of murder in the second degree. The jury returned a verdict of guilty of murder in the second degree. The court pronounced judgment on the verdict and the defendant appealed.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and Robert B. Broughton, Member of Staff, for the State.*

*Gold, McAnally & Gold for defendant, appellant.*

VALENTINE, J.   On defendant's own statement, he voluntarily entered into an affray with the deceased, in the course of which deceased was fatally wounded.   No element of self-defense is made to appear.   Therefore, on his own statement, defendant is at least guilty of manslaughter. He contends, however, that he should not have been convicted of murder in the second degree and that the jury was led to render that verdict by the failure of the trial judge to give due emphasis to and clearly charge the jury on the law arising on his evidence tending to show that the homicide was not an intentional killing, but was the result of an accident. His exception directed to this alleged error is the only one in the record which merits discussion.

An intent to inflict a wound which produces a homicide is an essential element of murder in the second degree.   *S. v. Lamm,* 232 N.C. 402, 61 S.E. 2d 188; *S. v. Chavis,* 231 N.C. 307, 56 S.E. 2d 678; *S. v. Payne,* 213 N.C. 719, 197 S.E. 573.   Therefore, to convict a defendant of murder in the second degree, the State must prove that the defendant intentionally inflicted the wound which caused the death of the deceased.

When it is made to appear that death was caused by a gunshot wound, testimony tending to show that the weapon was fired in a scuffle or by some other accidental means is competent to rebut an intentional shooting. No burden rests on the defendant.   He merely offers his evidence to refute one of the essential elements of murder in the second degree.   If upon a consideration of all the testimony, including the testimony of the defendant, the jury is not satisfied beyond a reasonable doubt that the defendant intentionally killed deceased, it should return a verdict of not guilty of murder in the second degree.

In this case, the trial judge clearly instructed the jury that it must find that defendant intentionally killed deceased before it could return a verdict of murder in the second degree.   In detailing the defendant's contention that the pistol was fired accidentally, the court sufficiently covered this phase of the case by saying: "On the other hand, the defendant says . . . that he did not intentionally kill him and that he had no idea of killing the deceased; . . . that the deceased grabbed the pistol and in the struggle the pistol went off and shot the deceased and he had no intent or desire to shoot and kill the deceased in any way . . ."

The court further charged the jury on the law of involuntary manslaughter, where a homicide unintentionally results from the commission of "some unlawful act not amounting to a felony."

Thus, it appears that the defendant was accorded the full benefit of his testimony. Of course, the charge would have been more complete had the court instructed the jury fully that if it found that while defendant and deceased were scuffling over the pistol, it accidentally fired and inflicted the wound which caused the death of the deceased, it should not return a verdict of guilty of murder in the second degree. Even so, that is simply another way of saying just what the charge did say. In the absence of any prayer for instructions amplifying the law in this respect, *S. v. McLean,* 234 N.C. 283, 67 S.E. 2d 75; *S. v. Gordon,* 224 N.C. 304, 30 S.E. 2d 43; we must hold that the charge met the requirements of the law.

In the trial below, we find

No error.