STATE v. WILBUR FLOYD.

(Filed 15 December, 1954.)

**1. Criminal Law § 53d—**

Even when the parties waive a recapitulation of the evidence, it is necessary that the court state the evidence to the extent necessary to explain the application of the law thereto. G.S. 1-180.

**2. Assault § 14a—**

In a prosecution for assault, where defendant's evidence tends to show that the shooting was accidental or by misadventure caused by a tussel over the pistol which the prosecuting witness had pointed at him, defendant has a substantial legal right to have the judge declare and explain the law arising on this evidence, and failure of the court to do so is prejudicial error.

STATE *v.* FLOYD.

**3. Assault § 8d—**

   An assault with intent to kill, without averment of the infliction of serious injury, is a misdemeanor.

**4. Same—**

   An assault on a female committed by a man or boy over eighteen years of age is not a simple assault according to the usually accepted meaning of that charge. It is a misdemeanor punishable in the discretion of the court.

APPEAL by defendant from *Hubbard, Special Judge,* May "A" Criminal Term 1954 of ROBESON.

Criminal prosecution upon a bill of indictment charging the defendant with assaulting his wife, Mamie Floyd, with a deadly weapon with intent to kill inflicting a wound to the body.

The defendant pleaded Not Guilty. The only evidence offered by the defendant was the testimony of his wife. Mamie Floyd gave testimony tending to show: She had been drinking. She was at John Bell's house. Her husband said "let's go home," and as she didn't want to go, she took a pistol out of her pocketbook, and pointed it at her husband to scare him. She had her hand on the trigger. Her husband grabbed the pistol, and in the tussle the pistol went off, and hit her in the shoulder. Her husband did not shoot her: she shot herself.

Verdict: guilty of simple assault. Judgment: 30 days imprisonment. Defendant excepted, and appealed, assigning error.

*Harry McMullan, Attorney General, and Claude L. Love, Assistant Attorney General, for the State.*

*F. D. Hackett and Robert Weinstein for Defendant, Appellant.*

PARKER, J. The defendant assigns as error the failure of the Judge to comply with G.S. 1-180, in that he did not state any of the evidence introduced by the defendant, and did not explain the application of the law to the defendant's evidence.

G.S. 1-180 requires the judge in his charge to the jury to declare, and explain the law arising on the evidence given in the case, but he is not required to state such evidence, except to the extent necessary to explain the application of the law thereto.

*Stacy, C. J.,* speaking for the Court said in *S. v. Ardrey,* 232 N.C. 721, 62 S.E. 2d 53: "In interpreting this statute the authoritative decisions are to the effect that it 'confers upon litigants a substantial legal right and calls for instructions as to the law upon all substantial features of the case'; and further, that the requirements of the statute 'are not met by a general statement of legal principles which bear more or less directly, but

not with absolute directness, upon the issues made by the evidence.' *Williams v. Coach Co.,* 197 N.C. 12, 147 S.E. 435; *S. v. Groves,* 121 N.C. 563, 28 S.E. 262."

This rule applies in civil cases, as well as in criminal. *Brannon v. Ellis,* 240 N.C. 81, 81 S.E. 2d 196.

The judge stated in his charge: "I have not been requested to do so, and will not do so, in the absence of request, either recapitulate the evidence in this case, or state the contentions of the parties." There was a failure by the judge to state any evidence in the case, either for the State or the defendant: and a failure to declare and explain the law arising on the defendant's evidence. This Court said in *Brannon v. Ellis, supra:* "The parties waived a recapitulation of the evidence by the court, and the jury was so informed. However, such waiver did not relieve the court of the duty to declare and explain the law arising on the evidence of the respective parties." A statement of the evidence solely in the form of contentions is not sufficient. *Brannon v. Ellis, supra.*

The defendant's defense was based on the theory that the shooting of his wife was accidental, or by misadventure, caused by the tussle over the pistol which she had pointed at him with her hand on the trigger; that all that he did was done in self-defense, and that he was not guilty. The defendant had a substantial legal right to have the judge to declare and explain the law arising on this evidence of his presented to the jury. *S. v. Wingler,* 238 N.C. 485, 78 S.E. 2d 303; *S. v. Bright,* 237 N.C. 475, 75 S.E. 2d 407; *S. v. Williams,* 235 N.C. 752, 71 S.E. 2d 138; *S. v. Banks,* 204 N.C. 233, 167 S.E. 851. The failure to so charge was prejudicial error. *S. v. Brady,* 236 N.C. 295, 72 S.E. 2d 675; *S. v. Ardrey, supra.*

G.S. 14-32 provides that "any person who assaults another with a deadly weapon with intent to kill, and inflicts serious injury not resulting in death, shall be guilty of a felony . . ." The judge instructed the jury that they could return a verdict of guilty as charged in the bill of indictment, that is guilty of an assault with a deadly weapon with intent to kill, inflicting serious injury not resulting in death. However, the indictment does not charge the infliction of a serious injury. Incidentally, an assault with intent to kill is a misdemeanor. *S. v. Gregory,* 223 N.C. 415, 27 S.E. 2d 140; *S. v. Silvers,* 230 N.C. 300, 52 S.E. 2d 877.

The Court further instructed the jury they could find the defendant guilty of a simple assault. "An assault on a female, committed by a man or boy over 18 years of age, is not a simple assault according to the usually accepted meaning of that charge. It is a misdemeanor punishable in the discretion of the Court. *S. v. Jackson,* 226 N.C. 66, 36 S.E. 2d 706." *S. v. Church,* 231 N.C. 39, 55 S.E. 2d 792.

It would seem from all the evidence before us in the Record that if an assault was made upon Mamie Floyd, a deadly weapon was used.

For the reasons given the defendant is awarded a
New trial.