STATE OF NORTH CAROLINA v. WILLIAM CLAUDE DOUGLAS

No. 7226SC627

(Filed 22 November 1972)

1. Assault and Battery § 15— self-defense — jury instructions proper
    The trial court's instruction in a felonious assault trial on defendant's right to act in self-defense was clear, fair and submitted the case to the jury upon applicable principles of law.

**2. Assault and Battery § 15— accidental shooting — jury instructions required without request**

Where defendant's entire defense in a felonious assault case was his contention that the shot which hit his victim was accidentally fired when she accidentally hit the pistol, defendant was entitled to an instruction with respect to an accidental shooting without a special request therefor.

APPEAL by defendant from *Hasty, Judge,* 31 January 1972 Session of Superior Court held in MECKLENBURG County.

Defendant was charged in separate bills of indictment with two felonious assaults: (1) in case number 71CR65216 with an assault on Howard Pettice with a deadly weapon with intent to kill, inflicting serious injury, and (2) in case number 70CR79662 with an assault on Marie Pettice with a deadly weapon with intent to kill, inflicting serious injury.

The evidence for the State tended to show as follows: That Mr. Howard Pettice and wife, Marie Pettice, with their son, Dana Pettice, and Marie Pettice's mother, Frances Hairston, gathered at the home of Marie Pettice's brother in Charlotte on December 25, 1970; that Marie Pettice had once been married to the defendant, but had been divorced for many years; that the defendant came to the house that morning; that the group talked and some members danced and drank; that the defendant left about 3:15 p.m. and returned about 4:15; that, again, the atmosphere was jovial for a time; that later Howard Pettice noticed that the defendant had become quiet and that "things are not going right." (R p 7); that Howard Pettice spoke with his wife in the bedroom and suggested that they should leave; that he then went outside, followed after a few minutes by Marie Pettice; that, upon hearing a commotion within, he returned to the house; that upon entering he spoke a few words to the defendant, whereupon the defendant produced a pistol and shot him twice, at a range of six feet; that Marie Pettice then re-entered the house and was shot twice by the defendant; that the defendant was not assaulted prior to the shootings; that both Howard and Marie Pettice sustained serious injuries.

The evidence for the defendant tended to show as follows: That the defendant had been a long-time friend of Marie Pettice's brother and had been a frequent guest in his home; that the defendant arrived there on Christmas morning, 1970, about 10:30; that he left and returned later in the afternoon for the

purpose of loaning money to the wife of Marie Pettice's brother; that he sat down in the living room and that, shortly, Howard Pettice, his son and Marie Pettice's mother came through the living room from the back of the house and left by the front door; that Marie Pettice then confronted the defendant in the living room and some unpleasant conversation took place; that she then left through the front door; that Howard Pettice then reentered the living room from outside, struck the defendant in his face and picked him up from his chair; that the defendant was considerably smaller than Howard Pettice, and that the defendant was afraid of Howard Pettice; that the defendant then shot Howard Pettice with his pistol and seeing that the shot had no apparent effect, shot him again; that Marie Pettice came back into the house and in trying to assist her husband she ran into defendant's hand accidently causing the pistol to fire again; that the defendant then left and later turned himself in to the police; that the defendant is a diabetic; that he frequently carries large sums of cash in connection with his business, and was doing so on the day of the shootings; that the shooting of Howard Pettice was in self-defense, and the shooting of Marie Pettice was an accident.

The jury returned a verdict of guilty in each case. In case number 71CR65216 (assault on Howard Pettice), defendant was sentenced to a term of five years imprisonment. In case number 70CR79662 (assault on Marie Pettice), defendant was sentenced to a term of five years imprisonment, to run concurrently with the sentence in case number 71CR65216.

*Attorney General Morgan, by Assistant Attorney General Rich, for the State.*

*Wardlaw, Knox, Caudle & Knox, by John S. Freeman, and Henry E. Fisher, for the defendant.*

BROCK, Judge.

Case number 71CR65216 (assault on Howard Pettice).

[1] Defendant assigns as error the charge of the court respecting defendant's right to act in self-defense. We think the charge is clear and fair, and, when read in context, submitted the case to the jury upon applicable principles of law. This assignment of error is **overruled.**

Case number 70CR79662 (assault on Marie Pettice).

[2] Defendant assigns as error the failure of the court to instruct the jury upon the law applicable to his defense of an accidental shooting. This assignment of error is sustained. Defendant's entire defense in this case was his contention that the shot which hit Marie Pettice was accidentally fired when she accidentally hit the pistol after the scuffle with Howard Pettice had concluded. This was a substantial feature of defendant's defense and he was entitled to an instruction thereon without special request. 3 Strong, N. C. Index 2nd, Criminal Law, § 113, p. 10.

In case number 71CR65216 (assault on Howard Pettice): No error.

In case number 70CR79662 (assault on Marie Pettice): New trial.

Chief Judge MALLARD and Judge BRITT concur.