STATE OF NORTH CAROLINA v. BOBBY ALEX MOORE

No. 7519SC16

(Filed 4 June 1975)

Assault and Battery § 15— defense of accident — failure to instruct

    In a felonious assault prosecution wherein defendant contended the victim was shot when a third person accidentally hit a shotgun held by defendant, the trial judge violated G.S. 1-180 where he failed to charge on the legal principles applicable to the defense of accidental shooting and failed to apply the law to the evidence giving rise to such defense in his final mandate.

APPEAL by defendant from *Seay, Judge.* Judgment entered 21 August 1974 in Superior Court, MONTGOMERY County. Heard in the Court of Appeals 18 March 1975.

This is a criminal prosecution wherein the defendant, Bobby Alex Moore, was charged in a bill of indictment, proper in form, with assaulting Patricia Diane Paxton with a deadly weapon with intent to kill inflicting serious injury.

The State offered evidence which, among other things, tended to show the following: On 16 June 1974 the defendant, Patricia Diane Paxton, Donna Lynn Edlum, and several other persons had occasion to gather at a mobile home on Whiskey Road in Montgomery County. After a short period of time, the defendant got a sawed-off shotgun from one of the rooms of the trailer and loaded it with a shell which he took from out of one of his pockets. About fifteen minutes later, the defendant followed Patricia Paxton and Donna Edlum into one of the bedrooms because "he was going to make sure . . . [the girls] did not talk about him." When the defendant reached the bedroom

door, he pulled the shotgun "from his belt" and pointed it at Miss Edlum. After she told the defendant to put the gun away before someone got hurt, he pointed the gun at Patricia Paxton. As Patricia turned and attempted to step aside, the defendant fired the gun, hitting her in the right hip and right hand.

The defendant, testifying in his own behalf, stated that when he went to the bedroom to talk with the two girls he saw a shotgun lying on the floor by the bed. He had not had the gun at any earlier time and did not know that it was loaded. Defendant picked up the shotgun and pointed it at the wall. As he was "waiving it [the gun] around", Donna Edlum hit the shotgun, causing it to fire.

Defendant further offered the testimony of Miss Edlum, who stated that the defendant pointed the gun at her and that she told him to "quit playing with the gun before somebody gets hurt." She then slapped the gun with her hand and that is "what made the gun go off." When she hit the shotgun, it "turn[ed] in the direction Patricia was." The defendant had not pointed the gun at Patricia and had not done anything to indicate that he was mad at her.

The jury found the defendant guilty of assault with a deadly weapon inflicting serious injury. From a judgment that he be imprisoned for not less than five (5) nor more than ten (10) years, defendant appealed.

*Attorney General Edmisten by Associate Attorney Noel Lee Allen for the State.*

*S. H. McCall, Jr., for defendant appellant.*

HEDRICK, Judge.

Defendant contends the trial court failed to declare and explain the law arising on the evidence presented by him which tended to show that the shooting was accidental, a violation of G.S. 1-180. This assignment of error is sustained.

"G.S. 1-180 requires that the trial judge fully instruct the jury as to the law based on the evidence in the case. It is the duty of the court to charge the jury on all substantial features of the case arising on the evidence without special request therefore. (Citations omitted.) And all defenses presented by defendant's evidence are substantial

features of the case. (Citations omitted.)" *State v. Dooley,* 285 N.C. 158, 163, 203 S.E. 2d 815, 818 (1974).

Here, defendant's entire defense was his contention that the shot which struck Patricia Paxton was accidentally fired when Donna Edlum hit the shotgun with her hand. This was a substantial feature of the case and defendant was entitled to an instruction thereon withous special request. *State v. Douglas,* 16 N.C. App. 597, 192 S.E. 2d 643 (1972). Nowhere in his instructions did the trial judge charge the jury on the legal principles applicable to defendant's defense of an accidental shooting nor did he apply the law to the evidence giving rise to this defense in his final mandate. This error by the trial judge was not cured by the mere statement in several portions of the charge that the State had to prove the defendant "intentionally and without justification" assaulted Patricia Paxton by shooting her with a shotgun. See *State v. Dooley, supra; State v. Mercer,* 275 N.C. 108, 165 S.E. 2d 328 (1969).

Defendant has other assignments of error which we do not discuss in view of the fact that they may not arise upon retrial of the case.

New trial.

Judges BRITT and MARTIN concur.