STATE OF NORTH CAROLINA v. BOBBY RAY WRIGHT

No. 7520SC773

(Filed 4 February 1976)

**Assault and Battery § 15— failure to charge on accident or misadventure**
    The trial court in a felonious assault case erred in failing to de-
    clare and explain the law of accident or misadventure as it applied
    to the evidence in the case where defendant's evidence tended to show
    that he did not intend to shoot the victim but that his gun fired acci-
    dentally as defendant was attempting to make the victim leave his
    house.

APPEAL by defendant from *Chess, Judge.* Judgment entered
6 June 1975 in Superior Court, STANLY County. Heard in the
Court of Appeals 20 January 1976.

The defendant, Bobby Ray Wright, was charged in a bill
of indictment, proper in form, with assault on James Bennett
with a deadly weapon with intent to kill inflicting serious in-
jury. The defendant pleaded not guilty and the State offered
evidence tending to show the following.

On 7 March 1975, James Bennett, a neighbor and brother-
in-law of the defendant, stopped his car in front of the defend-
ant's house and went to the door to tell him that the lights on
his camper were on. Just prior to Bennett's stopping at the
defendant's house, the defendant had refused to sell him some
snuff on credit. When the defendant came to the door, he began
cursing Bennett. The defendant then came out on the porch
and pushed Bennett against the banister. A "tussle" ensued but
no blows were struck. The two men separated and Bennett said,
"Bobby, what are we fighting for?" Bennett had followed the
defendant into the house and the defendant told him to leave.
Bennett lingered repeating the question, then saw the defendant
pick up a shotgun from inside the bedroom door. Bennett said
he was leaving, but the defendant shot him in the thigh and
abdomen with the gun as he stood facing him on the front porch.

The defendant testified that Bennett came onto the porch
to tell him the camper lights were on. However, when the de-
fendant told him that he knew the lights were on, Bennett began
cursing him. The defendant told Bennett, "If you have to come
to my house cursing, raising hell, I'd rather for you to stay
away." The defendant went back into the house, closed the door
and sat down. Bennett opened the door and came into the

house, but the defendant pushed him out with his arm. When they were on the porch again, Bennett grabbed the defendant, and they tussled until the defendant pinned him on the floor. When the defendant got up, he went back into the house. Bennett barged into the house again, and the defendant reached into the bedroom and got his shotgun. He told Bennett to get out of the house. Using the barrel of the gun, he pushed him back onto the porch. As they stood on the porch, the defendant held the gun down by his side. He raised the gun to point it at Bennett, "figuring it would frighten him away." Bennett grabbed the barrel of the gun with both hands causing it to discharge. It was never the intention of the defendant to shoot Bennett; he only wanted "to frighten him off away from [his] house."

Carol Wilson, who testified for the defendant, corroborated his testimony that the gun discharged when Bennett grabbed the barrel with his hands.

Roger Lowder, a deputy sheriff in Stanly County who testified in rebuttal for the State, testified to a statement made by the defendant which likewise corroborated his testimony that the gun went off when Bennett grabbed the barrel.

From a verdict of guilty of assault with a deadly weapon inflicting serious injury and judgment imposing a prison sentence of three to five years, defendant appealed.

*Attorney General Edmisten by Associate Attorney Cynthia Jean Zeliff for the State.*

*Coble, Morton, Grigg and Odom by Ernest H. Morton, Jr., for defendant appellant.*

HEDRICK, Judge.

The defendant assigns as error the failure of the trial court to instruct the jury "on the law of a shooting by accident or misadventure" and the failure of the court "to state the defendant's evidence on a shooting by accident or misadventure to an extent necessary to explain the application of the law thereto."

Every "substantial feature" of the case arising on the evidence must be presented to the jury even without a special request for instructions on the issue. *State v. Dooley*, 285 N.C. 158, 203 S.E. 2d 815 (1974) ; *State v. Hickman*, 21 N.C. App.

State v. Wright

421, 204 S.E. 2d 718 (1974). It is the statutory duty of the trial judge to "declare and explain the law arising on the evidence given in the case." N.C. G.S. 1-180.

The defendant contends and the defendant's evidence tends to show that he never intended to shoot Bennett but that the gun fired accidentally as the defendant was attempting to make Bennett leave his house.

A review of the judge's charge to the jury shows that although the court in reviewing the evidence for the defendant stated,

" . . . The victim grabbed the barrel and in the tussle made the gun fire. That he didn't intend to shoot the victim.

That he had no intention of shooting him. That the gun was fired by accident or misadventure,"

there is nowhere in the charge any explanation of the law arising from a shooting by accident or misadventure nor is there any attempt to explain accident or misadventure as it would apply to the evidence of this case.

The defendant's evidence of accident or misadventure is a substantial feature of the case. See, State v. Floyd, 241 N.C. 298, 84 S.E. 2d 915 (1954) ; State v. Moore, 26 N.C. App. 193, 215 S.E. 2d 171 (1975) ; State v. Douglas, 16 N.C. App. 597, 192 S.E. 2d 643 (1972) ; cert. denied, 282 N.C. 583, 193 S.E. 2d 746 (1973). The failure of the trial judge to declare and explain the law of accident or misadventure as it applies to this case, even in the absence of a request for such instructions is prejudicial error for which the defendant is entitled to a new trial.

We do not discuss defendant's other assignment of error since it is not likely to occur at a new trial.

New trial.

Judges PARKER and ARNOLD concur.