STATE OF NORTH CAROLINA v. ARTHUR LEE BEST

No. 7615SC453

(Filed 3 November 1976)

**Assault and Battery § 15— failure to charge on accident or misadventure**
　　The trial court in a felonious assault case erred in failing to declare and explain the law of shooting by accident or misadventure where defendant presented evidence that he did not intend to shoot the victim but that the gun accidentally discharged when the victim grabbed his hand.

APPEAL by defendant from *Graham, Judge.* Judgment entered 11 February 1976 in Superior Court, ORANGE County. Heard in the Court of Appeals 13 October 1976.

Defendant was indicted for assault with a deadly weapon with intent to kill inflicting serious bodily injury and was convicted of assault with a deadly weapon inflicting serious bodily injury in violation of G.S. 14-32 (b).

The State's evidence tended to show that on the night of 26 October 1975, defendant was attempting to sleep in the apartment of Mary Monk and was interrupted by phone calls for Miss Monk. When friends had called her on prior occasions she and defendant had argued and he had threatened to kill her several times. They had been sleeping together occasionally for about three years. At approximately 10:00 o'clock p.m. defendant answered the phone and heard a male voice ask for Miss Monk. While she was talking on the phone, the defendant removed a .22 caliber pistol from under the mattress and pointed it towards her left ear. She then threw the phone down, defendant fired, and she threw up her right hand and hit the gun. Defendant called the Rescue Squad. The bullet lodged below her right ear but caused only some loss of hearing. Defendant told her to say that it was an accident and when questioned by the doctors and police after the shooting she would only say "I shot, I shot, I shot." She called the police a week after the shooting and stated that defendant had shot her.

Defendant's testimony tended to show that he had purchased the weapon for Miss Monk's safety about three years earlier; that she had a history of nervous disorders, including a breakdown in 1963 and had once told him that if he ever left her upset he would "find her stretched out on the floor"

when he returned. He testified that on the night of the shooting he had decided to return to his home in Goldsboro because the ringing of the phone kept him from sleeping; that he dressed and removed the gun from under the mattress for her safety; that as he walked past her she asked him to stay and grabbed his hand causing the gun to discharge. He did not remember with which hand she grabbed the gun.

Defendant was questioned by two police officers on the night of the shooting. They testified for the State at the trial, and the version of events related by defendant to them on the night of the shooting was very substantially the same as his version at trial. From judgment imposing imprisonment, defendant appeals.

*Attorney General Edmisten by Associate Attorney Claudette Hardaway for the State.*

*Haywood, Denny & Miller by James H. Johnson III for defendant appellant.*

CLARK, Judge.

Defendant assigns as error the failure of the trial court to charge the jury on the law of shooting by accident or misadventure. Defendant did not request such an instruction.

The trial judge has a duty to "declare and explain the law arising on the evidence given in the case." G.S. 1-180. Every substantial feature of the case arising on the evidence must be presented to the jury even without a special request for instructions on the issue. *State v. Dooley,* 285 N.C. 158, 203 S.E. 2d 815 (1974). In a case where the evidence offered by one party tends to show accident, it is not enough for the trial judge to charge that the State must prove intent beyond a reasonable doubt. The judge must also clearly explain that accident is the antithesis of intent. This was not done here. Two recent opinions by this Court have made clear this duty with respect to the law of accident in appropriate cases, and we see no reason to elaborate on their wisdom. *State v. Wright,* 28 N.C. App. 481, 221 S.E. 2d 745 (1976) ; *State v. Moore,* 26 N.C. App. 193, 215 S.E. 2d 171 (1975).

We order a

New trial.

Judges MORRIS and ARNOLD concur.