STATE OF NORTH CAROLINA v. THEODORE ROOSEVELT MARTIN

No. 7714SC657

(Filed 17 January 1978)

**Homicide § 28.8— failure to instruct on accident**
> The trial court in a homicide prosecution erred in failing to instruct the jury on the defense of accident where defendant testified that he and a third person were struggling over a gun which the third person pointed at him and that the gun discharged and killed the decedent.

ON certiorari to review defendant's trial before *Braswell, Judge.* Judgment entered 18 December 1975 in Superior Court, DURHAM County. Heard in the Court of Appeals 7 December 1977.

Defendant was charged in a proper bill of indictment with the murder of Felicia Garner. Upon defendant's plea of not guilty, the State offered evidence tending to show the following:

On the night of 16 June 1975 several persons were gathered at the residence of Paulette Jones in Durham, North Carolina, to celebrate a birthday. At approximately nine o'clock p.m. the defendant stopped at the house and asked for some liquor. Informed by Jones that she had no liquor, defendant departed. However, defendant and some companions returned to the house at approximately one o'clock a.m. An argument was precipitated when the intruders were told to leave provoking the defendant to knock Felicia Garner from the stool on which she had been sitting. During the ensuing scuffle, defendant was hit on the head with a wine bottle causing some facial wounds. Defendant left the house but returned soon thereafter brandishing a shotgun. In the meantime some of the group had left, and the others had gone to the

bedroom. Felicia Garner was in the bathroom and Sandra Barrett was standing in the hall outside the bathroom when the defendant came running down the hall asking, "Where is the bitch?" At this time Garner opened the door and stepped out of the bathroom. Defendant aimed the gun and fired it at Garner causing a fatal wound in the left side of her chest. Sandra Barrett then grabbed the barrel of the gun in an effort to wrest it from the defendant. The police who had arrived on the scene quickly intervened and took possession of the gun.

The defendant presented evidence tending to show the following: When the defendant and his companions returned for a second visit to the Jones residence they asked to see Paulette Jones. They were pushed out the door by one of the group and told to leave. When the defendant resisted he was hit on the head with a wine bottle and knocked to the floor. A short time later the defendant saw Sandra Barrett standing in the foyer near the kitchen pointing a shotgun at him. He grabbed the barrel of the gun and began wrestling with Barrett at which time the gun discharged. The defendant did not see the deceased, Felicia Garner, at this time, nor did he at anytime go down the hall toward the bedroom and bathroom. Soon after the shot was fired the police arrived and took the gun.

The jury found the defendant guilty of second degree murder. From a judgment imposing a sentence of 30 years, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Elizabeth C. Bunting, for the State.*

*Pearson, Malone, Johnson, DeJarmon and Spaulding, by George W. Brown, for the defendant appellant.*

HEDRICK, Judge.

The one assignment of error brought forward and discussed in defendant's brief is set out in the record as follows: "For that the trial Court committed prejudicial and reversible error in failing to charge the jury upon the lesser offenses of mansalughter [sic] in its varying degrees, self-defense or accident."

According to G.S. 1-180 the trial judge is required to "declare and explain the law arising on the evidence given in the case."

The statute comprehends instructions by the trial judge "on all substantial features of the case arising on the evidence without special request therefor. [Citations omitted.] And all defenses presented by defendant's evidence are substantial features of the case. [Citations omitted.]" *State v. Dooley*, 285 N.C. 158, 163, 203 S.E. 2d 815, 818 (1974). Specifically, the rule is applicable to the defense of accident. *State v. Moore*, 26 N.C. App. 193, 215 S.E. 2d 171, *cert. denied*, 288 N.C. 249, 217 S.E. 2d 673 (1975); *State v. Douglas*, 16 N.C. App. 597, 192 S.E. 2d 643 (1972), *cert. denied*, 282 N.C. 583, 193 S.E. 2d 746 (1973).

The pertinent portion of defendant's testimony on direct examination reads in the record as follows:

"[A]ll I could remember was the shotgun business. The lady, Ms. Barrett, had the shotgun pointed at me. I grabbed the shotgun by the barrel and when I grabbed the shotgun I twisted it around and the gun went off and when the gun went off, that is when the gun went off and I got up and tried to scuffle and take the shotgun from her.

"That at no time during the night had he been down the hallway towards the bathroom. That when the gun went off he was somewhere around the kitchen in the foyer."

On cross-examination the defendant testified as follows:

"That when the gun went off, Sandra Barrett was standing directly in front of him. That Sandra Barrett had the gun and she pointed it at him. That while the gun was in Sandra Barrett's hands he pulled the gun around and the scuffle began. That at the time Sandra Barrett had the gun she had both hands on it. That he did not know whether Sandra Barrett's hands were on the trigger or not. That as Sandra Barrett came towards him with the gun he grabbed it and started wrestling with her over the gun. That the gun went off during the time they were wrestling with it. That after the gun went off, maybe a minute or two, the police came in. That the only thing he was doing was holding onto the gun during the time of the struggle, while Sandra Barrett was trying to snatch the gun away from him. That he is somewhat familiar with guns.

"That he did not know where Felicia Garner or Marion Garner were standing when the gun went off. That he can only recall one shot being fired."

While the State's evidence is in direct conflict with defendant's evidence in many respects, and the State's evidence raises no inference whatsoever of an accidental shooting, we must agree with the defendant that he was entitled to an instruction on the defense of accident. The defendant's evidence tends to show that he was fighting with Sandra Barrett when the gun discharged and killed Felicia Garner. Clearly, this evidence was sufficient to raise an inference that the death of Felicia Garner was the result of an accidental shooting.

Since there must be a new trial we find it unnecessary to discuss other aspects of the one assignment of error brought forward and argued in the defendant's brief.

New trial.

Judges MORRIS and ARNOLD concur.