STATE OF NORTH CAROLINA v. FLOYD LEE EFIRD

No. 7720SC875

(Filed 20 June 1978)

**Assault and Battery § 15.1— intentional firing of gun—no accident or misadventure**

    The defendant in a felonious assault prosecution was not entitled to an instruction on accident or misadventure where all of the evidence indicated that defendant intended to fire and did fire the shots which resulted in injury to the victim, the defendant having contended that he did not intend to shoot the victim but intended only to scare him and that his wife was tussling with him and was holding his arm when he fired the shots.

APPEAL by defendant from *McConnell, Judge.* Judgment entered 28 July 1977 in Superior Court, STANLY County. Heard in the Court of Appeals 27 February 1978.

Defendant was indicted and tried for assault with a deadly weapon with intent to kill inflicting serious bodily injury.

At trial, the State offered evidence which tended to show that on 14 May 1977, defendant and his wife, Katie Efird, were asleep in their house; that Jeffrey Allen Turner (Katie Efird's son and defendant's stepson), along with three others went to the house; that Jeffrey woke his mother to go with them to the fish camp and she woke defendant to ask him if he had her money; that defendant ordered Jeffrey out of the house, accompanied him outside, began to strike Jeffrey and Katie with his fists, and generally struggled with Jeffrey; that Jeffrey pushed defendant to the ground, whereupon defendant crawled to a nearby bush, secured a plastic bag containing a pistol from beneath the bush, removed the pistol from the bag, aimed it at Jeffrey's heart, and fired three or five times, striking Jeffrey once in the arm and twice in the hip or thigh area.

Defendant's testimony tended to show that on the day in question, defendant was awakened by Jeffrey Turner who was

kicking defendant in the stomach, and cursing and threatening him; that defendant ordered Jeffrey and his friends to leave, whereupon Jeffrey pulled a knife and chased defendant from the house; that outside, Jeffrey kicked and struck defendant karate-style, and stabbed him in the leg with the knife; that at the time of the stabbing, Katie was holding onto defendant; that when defendant was knocked to the ground he was kicked by Jeffrey and by one of the boys with Jeffrey; that he crawled to where the pistol was hidden, thinking that if he fired the gun, his assailants would leave; that he did not aim the gun; and that at the time he fired the gun, Katie was holding his arm.

From a verdict of guilty as charged, and judgment imposing imprisonment, defendant appealed.

*Attorney General Edmisten, by Associate Attorney George W. Lennon, for the State.*

*Coble, Morton, Grigg & Odom, by Ernest H. Morton, Jr., for defendant.*

BROCK, Chief Judge.

Defendant assigns as error the failure of the trial court to instruct the jury on the law of shooting by accident or misadventure and the failure of the court to state defendant's evidence on shooting by accident or misadventure to the extent necessary to explain the application of the law thereto. This assignment has no merit.

Defendant contends, and his testimony tends to show, that he did not intend to shoot his stepson, that he did intend to scare his stepson by firing the gun, and that at the time he fired the gun, his wife was tussling with him and was holding his arm. Defendant does not deny that he fired the gun; he does not contend that the gun discharged accidentally. The evidence is uncontradicted that Jeffrey Allen Turner received not one, but three separate gunshot wounds.

In our opinion, based upon the evidence as noted, defendant was not entitled to an instruction on shooting by accident or misadventure. All of the cases which have come to our attention holding that such an instruction was required have involved evidence tending to show that the *discharge* of the firearm was

accidental; that it discharged during a struggle or when grabbed or struck by the victim while in the defendant's hands. *See State v. Floyd*, 241 N.C. 298, 84 S.E. 2d 915 (1954); *State v. Best*, 31 N.C. App. 389, 229 S.E. 2d 202 (1976); *State v. Wright*, 28 N.C. App. 481, 221 S.E. 2d 745 (1976); *State v. Moore*, 26 N.C. App. 193, 215 S.E. 2d 171, *cert. denied*, 288 N.C. 249 (1975); *State v. Douglas*, 16 N.C. App. 597, 192 S.E. 2d 643 (1972), *cert. denied*, 282 N.C. 583 (1973). Where, as in the instant case, all of the evidence indicates that defendant intended to fire and did fire the shot or shots which resulted in injury to the victim, defendant is not entitled to an instruction on shooting by accident or misadventure. This assignment of error is overruled.

By his next assignment of error, defendant contends that the trial court failed to state defendant's evidence tending to negate the element of intent to kill to the extent necessary to explain the application of the law thereto, as required by G.S. 1-180. Examining the charge as a whole, we are of the opinion that the court adequately summarized defendant's evidence; and the judge's application of the law to the evidence was adequate for the jury to understand the issues involved.

We have examined defendant's remaining assignments of error and have found in them no merit. In our opinion, defendant received a fair trial free of prejudicial error.

No error.

Judges VAUGHN and ERWIN concur.