STATE OF NORTH CAROLINA v. BRENDA GRONER HOYLE

No. 8126SC1133

(Filed 18 May 1982)

1. **Homicide § 28— self-defense—no erroneous use of "without justification or excuse"**

 The trial court did not use "without justification or excuse" as the equivalent of self-defense throughout the charge so as to deprive defendant of the benefit of the defense of imperfect self-defense.

2. **Homicide § 27.1— instructions on voluntary manslaughter—meaning of failure to prove malice—absence of instruction in final mandate**

 Where the court instructed in the final mandate that if the jury found that the State had proved beyond a reasonable doubt the other elements of second degree murder but had not proved that defendant acted with malice, the jury should return a conviction of voluntary manslaughter, and the court had correctly explained the element of malice and how such element is negated in an earlier portion of the charge, the court did not err in failing to instruct the jury in the final mandate that failure to prove malice meant failure to prove that the defendant did not act in the heat of passion upon adequate provocation.

3. **Homicide § 28.8— instruction on accident not required**

 Where all of the evidence indicated that the defendant intended to pull the trigger of the gun which fired the shots resulting in the death of the victim, the defendant was not entitled to an instruction on the defense of accident.

4. **Homicide § 30.3— submission of involuntary manslaughter not required**

 Where all the evidence shows the occurrence of a death proximately resulting from the intentional discharge of a weapon in the direction of the deceased, the trial court is correct in not presenting the offense of involuntary manslaughter to the jury.

5. **Homicide § 28.3— instructions—self-defense—defendant as aggressor**

 The trial court's instruction that the plea of self-defense was not available to the defendant if she was the aggressor was warranted by evidence tending

to show that defendant and the victim engaged in an argument; defendant and the victim were never closer than 30 feet apart; and although defendant stated to the police that she only fired a gun at the victim after the victim had shot at her, witnesses did not observe the victim holding any weapon and defendant's gun was the only weapon found by the police.

APPEAL by defendant from *Lewis, Judge.* Judgment entered 25 February 1981 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals on 6 April 1982.

Defendant was charged in a proper bill of indictment with the second degree murder of her husband, Dwight Wesley Hoyle, on 13 April 1979. She pleaded not guilty. The jury found defendant guilty as charged. From a judgment imposing a prison sentence of not less than eight years nor more than twelve years, defendant appealed.

*Attorney General Rufus L. Edmisten, by Associate Attorney G. Criston Windham, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Marc D. Towler, for defendant appellant.*

HEDRICK, Judge.

All of the assignments of error on this appeal relate to the trial judge's charge to the jury.

[1] Defendant first argues that the court's instructions deprived her of the benefit of the defense of imperfect self-defense. She contends that the trial judge's charge contained the same error found in *State v. Norris,* 303 N.C. 526, 279 S.E. 2d 570 (1981), where the expression "without justification or excuse" was used as the equivalent of self-defense throughout the charge and thus seemingly required the jury to find the existence of all four elements of perfect self-defense before the defendant could derive any benefit from imperfect self-defense. The *Norris* court distinguished the two categories of self-defense as follows:

> The law of perfect self-defense excuses a killing altogether if, at the time of the killing, these four elements existed:
>
> (1) it appeared to defendant and he believed it to be necessary to kill the deceased in order to save himself from death or great bodily harm; and

(2) defendant's belief was reasonable in that the circumstances as they appeared to him at the time were sufficient to create such a belief in the mind of a person of ordinary firmness; and

(3) defendant was not the aggressor in bringing on the affray, *i.e.*, he did not aggressively and willingly enter into the fight without legal excuse or provocation; and

(4) defendant did not use excessive force, *i.e.*, did not use more force than was necessary or reasonably appeared to him to be necessary under the circumstances to protect himself from death or great bodily harm.

. . .

The existence of these four elements gives the defendant a *perfect right of self-defense* and requires a verdict of not guilty, not only as to the charge of murder in the first degree but as to all lesser included offenses as well.

On the other hand, if defendant believed it was necessary to kill the deceased in order to save herself from death or great bodily harm, and if defendant's belief was reasonable in that the circumstances as they appeared to her at the time were sufficient to create such a belief in the mind of a person of ordinary firmness, but defendant, although without murderous intent, was the aggressor in bringing on the difficulty, or defendant used excessive force, the defendant under those circumstances has only the *imperfect right of self-defense*, having lost the benefit of perfect self-defense, and is guilty at least of voluntary manslaughter.

*Id.* at 530, 279 S.E. 2d at 572-73. (Citations omitted.)

A new trial was awarded the defendant in *Norris* because the general equating of the term "without justification or excuse" with self-defense throughout the charge with respect to first degree murder, second degree murder, and voluntary manslaughter, created a reasonable potential that the jury may have convicted the defendant of murder instead of voluntary manslaughter through a misunderstanding of the applicability of the defense of imperfect self-defense.

We find no such possibility that the jury was misled or misinformed in the case at hand. The portion of the charge objected to by defendant reads as follows:

> Now, members of the jury, in both murder in the second degree and manslaughter, you will note that the State must prove that the Defendant acted unlawfully, that is, without justification or excuse, because those two elements are present in each of those offenses. The Defendant contends that whatever you find that she did on this occasion beyond a reasonable doubt that she acted in self-defense.

The trial judge thereafter enumerated the elements of perfect self-defense and the State's burden of proof. Immediately following the explanation, he stated that "if the State proves beyond a reasonable doubt that the Defendant, though otherwise acting in self-defense, either used excessive force or was the aggressor, though she had no murderous intent when she entered the fight, the Defendant would be guilty of voluntary manslaughter." This same sequence of instructions again appeared in the final mandate. Under these circumstances, reading the charge contextually and in its entirety, we find no reasonable ground to believe that the jury was misinformed or misled regarding the availability of the defense of imperfect self-defense to the defendant. *State v. Alexander*, 279 N.C. 527, 184 S.E. 2d 274 (1971). This assignment of error is overruled.

[2] Defendant next contends that the trial judge failed to adequately charge the jury in his final mandate on voluntary manslaughter. She apparently concedes to be correct the court's instruction that if the jury found that the State had proved beyond a reasonable doubt the other elements of second degree murder but had not proved that the defendant acted with malice, then the jury should return a conviction of voluntary manslaughter. It is at this point the defendant alleges error in the trial judge's failure to further instruct that failure to prove malice meant failure to prove that the defendant did not act in the heat of passion upon adequate provocation. We find no error. Defendant acknowledges that the trial judge correctly and adequately explained the element of malice and how such element is negated in an earlier portion of the charge. Reading the charge as a whole, we find that the law regarding the failure to prove

malice in voluntary manslaughter was fairly and clearly presented to the jury and there was no necessity for the trial judge to recapitulate his explanation in the final mandate. *State v. Alexander, supra.*

[3]   In her third assignment of error defendant argues that the trial judge erred in failing to instruct the jury on the defense of accident. Conceding that she intentionally discharged the gun which killed her husband, defendant nonetheless argues that the defense of accident was raised by her testimony that she neither deliberately aimed at the deceased nor intended his death. The record reveals the following testimony by defendant concerning her shooting of the gun:

At the time he pulled the pistol on me and I *threw up the rifle and fired at him,* I was about fifteen feet or something like that from him.

. . .

At the time that *I fired the rifle at Dwight in the driveway,* I did not intend to kill him.

. . .

I remember Mr. Hoyle raising up a pistol and shooting at me and I remember *raising up the rifle and shooting back at him.*

Q. And you shot in his direction?

A. I just shot. I just pulled it back. I didn't aim.

Q. *Was the gun pointed at him?*

A. *Apparently.* I mean, if I pulled it up and it hit me.

. . .

Q. *Did you fire it in the direction of your husband?*

A. *I guess I did.* It hit him.

[Emphasis added.]

We believe that defendant's own testimony belies her assertion that she did not intentionally discharge the murder weapon while it was pointed in the direction of her husband. There is no evidence that defendant did not intend to pull the trigger of the

gun. *State v. Haith,* 48 N.C. App. 319, 269 S.E. 2d 205, *disc. rev. denied and appeal dismissed,* 301 N.C. 403, 273 S.E. 2d 449 (1980). This is unlike the situation in *State v. Graham,* 38 N.C. App. 86, 247 S.E. 2d 300 (1978), where the defendant threw up a gun and it went off, or in *State v. Ward,* 300 N.C. 150, 266 S.E. 2d 581 (1980), where the defendant fired a gun away from the victim and did not intend to shoot anywhere in his direction. Under the facts of this case, where all of the evidence indicates that the defendant intended to pull the trigger of the gun which fired the shots resulting in the death of the victim, the defendant is not entitled to an instruction on the defense of accident. *State v. Efird,* 37 N.C. App. 66, 245 S.E. 2d 226 (1978), *cert. denied,* 301 N.C. 98, 273 S.E. 2d 456 (1980). This assignment of error is overruled.

[4] Accordingly, we also find no merit in defendant's fourth assignment of error in which she argues that the trial court erred in not submitting to the jury the lesser included offense of involuntary manslaughter. Where all the evidence shows the occurrence of a death proximately resulting from the intentional discharge of a weapon in the direction of the deceased, the trial court is correct in not presenting the offense of involuntary manslaughter to the jury. *State v. Price,* 271 N.C. 521, 157 S.E. 2d 127 (1967). We find no error.

[5] In her fifth and final assignment of error defendant argues that the trial judge erroneously instructed the jury that the plea of self-defense is not available to the defendant if she was the aggressor since that instruction was not warranted by the evidence. We do not agree.

The State presented an eyewitness to the shooting who testified that shortly before the gun was fired she had heard the defendant and her husband arguing in the yard. She then saw defendant, who was standing at one end of the driveway approximately 30 to 45 feet from the victim, fire a gun at her husband. Mr. Hoyle was not observed holding any weapon. The two people were never observed being closer than 30 feet apart. Another witness testified that the defendant told her that she got the gun from under her son's bed. Although the defendant stated to the police that she only fired the gun after her husband had shot at her, no weapon was found by the police, other than the defendant's. We hold that the aggressor instructions were properly given by the trial judge based upon the above evidence by the State tending to show that defendant was the aggressor.

*State v. Joyner*, 54 N.C. App. 129, 282 S.E. 2d 520 (1981). This assignment of error is without merit.

No error.

Judges HILL and BECTON concur.