State v. Ingram

Affirmed.

Judges HEDRICK and ARNOLD concur.

———————

STATE OF NORTH CAROLINA v. HARVEST LEE INGRAM

No. 8318SC247

(Filed 20 December 1983)

1. Criminal Law § 162.6— general objections—court could properly overrule

In a prosecution for two counts of assault with a deadly weapon with intent to kill inflicting serious injury, and one count of possession of a firearm by a felon, defendant's general objection to testimony by the arresting officer which showed defendant had indicated that the pistol used was his was insufficient to require the trial judge to hold a voir dire concerning the admissibility of testimony. If the motion fails to allege a legal or factual basis for suppression, the trial court may summarily dismiss it. Even assuming error, however, it was harmless beyond a reasonable doubt since the challenged statements concerned only the ownership of a firearm, and the evidence against the defendant was overwhelming. G.S. 15A-974, G.S. 15A-977(a), (c), (e), and G.S. 15A-1443(b).

2. Assault and Battery § 13.1; Criminal Law § 33— testimony irrelevant to issues tried—properly excluded

The trial court properly excluded evidence that a member of the victims' church had told defendant to leave his ex-wife alone, and not to come around her or their children since defendant laid no foundation to show the relevance of the testimony in that he did not plead self-defense, and he did not offer evidence of any dangerous fighting propensities on the part of either of his victims.

3. Criminal Law § 138— exclusion of mitigating factors—no error

The trial court did not err in failing to find as mitigating factors that (1) defendant "was suffering from a mental or physical condition that was insufficient to constitute a defense but significantly reduced his culpability for the offense," (2) defendant's "immaturity or his limited mental capacity at the time of commission of the offense significantly reduced his culpability for the offense," and (3) defendant "acted under strong provocation, or the relationship between [him] and the victim was otherwise extenuating" since although the evidence permitted findings of the mitigating factors which defendant contended, it did not compel them.

APPEAL by defendant from *Freeman, Judge.* Judgment entered 20 August 1982 in Superior Court, GUILFORD County. Heard in the Court of Appeals 27 October 1983.

The State's evidence tended to show that defendant, while visiting his ex-wife, drew a pistol and shot both her and a man who was at her home. The jury found him guilty of two counts of assault with a deadly weapon with intent to kill inflicting serious injury, and one count of possession of a firearm by a felon.

From a judgment of imprisonment, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Wilson Hayman, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defenders James H. Gold and Lorinzo L. Joyner, for defendant appellant.*

WHICHARD, Judge.

GUILT PHASE

[1] Defendant contends the court committed prejudicial error by failing to hold a *voir dire* upon his general objection to the following testimony by the arresting officer, which he argues showed "a virtual confession to the charge of possession of a firearm by a felon":

Q. . . . tell the members of the jury what you asked him about this pistol, and what, if anything, his response was.

MR. MCCLELLAN: Objection, Your Honor.

MR. INGRAM: Object.

THE COURT: Overruled.

Q. . . . Go ahead.

A. I asked Mr. Ingram whose pistol this was; he replied, "It's mine."

I then asked him, where did he buy it; he replied he just bought it a few minutes ago. And he would not tell me where or who he bought it from.

To suppress such evidence on constitutional grounds, a timely and proper motion is necessary. G.S. 15A-974; *State v. Tate,* 300 N.C. 180, 265 S.E. 2d 223 (1980). The motion, whether oral or written, should state the legal ground upon which it is made. G.S.

15A-977(a), (e); *State v. Satterfield,* 300 N.C. 621, 624-25, 268 S.E. 2d 510, 514 (1980). If the motion fails to allege a legal or factual basis for suppression, the trial court may summarily dismiss it. G.S. 15A-977(c), (e); *Satterfield, supra; see also State v. Conard,* 54 N.C. App. 243, 245, 282 S.E. 2d 501, 503 (1981). *Contra State v. Silva,* 304 N.C. 122, 131-33, 282 S.E. 2d 449, 455-56 (1981); *State v. Vickers,* 274 N.C. 311, 313-15, 163 S.E. 2d 481, 483-84 (1968). Defendant's general objection did not comply with the foregoing requirements, and the court thus could properly overrule it.

Assuming error, *arguendo,* under the circumstances presented we hold it harmless beyond a reasonable doubt. G.S. 15A-1443 (b). The challenged statements concerned only the ownership of a firearm. Both victims testified that defendant, without provocation, pulled a pistol from his jacket and shot them at close range. One victim positively identified a pistol introduced at trial as the weapon used. The arresting officer testified that he physically removed that weapon from defendant's person in subduing him, and he established a proper chain of custody. Five shots were fired during the incident, and the officer found five spent shells in the pistol.

Even without the statements, then, the evidence against defendant is overwhelming. His statements were made after the police had informed him of his *Miranda* rights and obtained a waiver. Under these circumstances, error, if any, was harmless beyond a reasonable doubt. *See State v. Brown,* 306 N.C. 151, 164-65, 293 S.E. 2d 569, 578, *cert. denied,* --- U.S. ---, 103 S.Ct. 503, 74 L.Ed. 2d 642 (1982).

[2] Defendant contends the court erred in excluding evidence that a member of the victims' church had told him to leave his ex-wife alone, and not to come around her or their children. He argues that this was a threat or warning which was relevant because it supported his claim that the victims were the aggressors.

Defendant laid no foundation to show the relevance of this testimony. He did not plead self-defense, and did not offer evidence of any dangerous fighting propensities on the part of either of his victims. The evidence was of tenuous relevance at best, and was of a kind generally excluded by our courts. *See generally State v. Dangerfield,* 32 N.C. App. 608, 614, 233 S.E. 2d

663, 667, *disc. rev. denied,* 292 N.C. 642, 235 S.E. 2d 63 (1977); 1 H. Brandis, North Carolina Evidence § 162a (1982).

We thus find no error in the exclusion complained of. Assuming error, *arguendo,* in light of the circumstances hereinabove set forth defendant has not sustained his burden of showing prejudice therefrom. G.S. 15A-1443(a).

Defendant contends the court erred in failing to instruct on the defense of accident. He made no request for such instructions, however, and thus cannot assign their omission as error. N.C.R. App. P. 10(b)(2).

Further, we find no evidence that defendant was engaged in lawful activity so as to warrant such an instruction. *See State v. Faust,* 254 N.C. 101, 113, 118 S.E. 2d 769, 776-77, *cert. denied,* 368 U.S. 851, 82 S.Ct. 85, 7 L.Ed. 2d 49 (1961); *State v. Walker,* 34 N.C. App. 485, 487, 238 S.E. 2d 666, 667 (1977), *disc. rev. denied,* 294 N.C. 445, 241 S.E. 2d 847 (1978). Nor do we find the quantum of evidence such as to make accident a "substantial feature" of the case, thus warranting an instruction thereon. *Cf. State v. Wright,* 28 N.C. App. 481, 483, 221 S.E. 2d 745, 747 (1976); *State v. Moore,* 26 N.C. App. 193, 195, 215 S.E. 2d 171, 172, *cert. denied,* 288 N.C. 249, 217 S.E. 2d 673 (1975).

We find no error in the guilt phase of the trial.

SENTENCING PHASE

[3] Defendant contends the court erred in failing to find the following mitigating factors, set forth in G.S. 15A-1340.4(a)(2)d., e., and i.: (1) that he "was suffering from a mental or physical condition that was insufficient to constitute a defense but significantly reduced his culpability for the offense," (2) that his "immaturity or his limited mental capacity at the time of commission of the offense significantly reduced his culpability for the offense," and (3) that he "acted under strong provocation, or the relationship between [him] and the victim was otherwise extenuating." He argues that the uncontradicted evidence clearly established the existence of these factors, and that the court thus was required, under the decision of this Court in *State v. Graham,* 61 N.C. App. 271, 300 S.E. 2d 716 (1983), to find them. *See also State v. Jones,* 309 N.C. 214, 218-19, 306 S.E. 2d 451, 454 (1983) ("[w]hen evidence

in support of a particular mitigating or aggravating factor is un-contradicted, substantial, and there is no reason to doubt· its credibility, to permit the sentencing judge simply to ignore it would eviscerate the Fair Sentencing Act").

Defendant is required, however, to prove mitigating factors by a preponderance of the evidence. *See State v. Blackwelder,* 309 N.C. 410, 419, 306 S.E. 2d 783, 789 (1983). "[H]is position is analogous to that of a party with the burden of persuasion seek-ing a directed verdict. He is asking the court to conclude that 'the evidence so clearly establishes the fact in issue that no reasonable inferences to the contrary can be drawn' . . . ." *Jones, supra,* 309 N.C. at 219-20, 306 S.E. 2d at 455.

While the evidence permitted findings of the mitigating fac-tors for which defendant contends, it did not, under the foregoing standard, compel them. As to the first two factors, at the sentenc-ing hearing defendant relied on the report of a state psychiatrist. While that report stated that defendant "was responsible at the time of the alleged crime, with responsibility being mitigated by . . . chronic psychological problems," it also stated that his thoughts were well organized; no delusions were apparent; memory was adequate; concentration was good; he was oriented to time, place, and person; and his intellect was at least normal. Viewing the report as a whole, we hold that it permitted, but did not compel, a finding of the mitigating factors for which defend-ant contends.

As to the third factor, evidence as to defendant's relationship with the victims likewise was not uncontradicted. The male vic-tim strongly denied any wrongdoing with regard to defendant's ex-wife. He testified that on the occasion in question no one was "arguing . . . or having any cross words with [defendant]." Both victims testified that they did nothing at the time of the assaults to provoke defendant. While extenuating relationships producing strong provocation conceivably could have been found, there was evidence which tended to negate such a finding; and it thus was not compelled.

For the foregoing reasons, we hold that the court did not err in failing to find that the mitigating factors for which defendant contends had been proven by a preponderance of the evidence.

No error.

Judges ARNOLD and BRASWELL concur.